M. L. DONOVAN, APPELLANT, V. ORSON K. CHITWOOD, ADMINISTRATOR, APPELLEE.

FILED MARCH 26, 1928. No. 25844.

*George J. Marshall* and *M. L. Donovan*, for appellant.

*C. A. Sorensen, Thomas Robertson* and *Leon Samuelson*, contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, EBERLY and HOWELL, JJ., and REDICK, District Judge.

HOWELL, J.

This case comes to us by appeal from a ruling of the lower court sustaining appellee's objection to all evidence about to be offered by appellant in support of his petition, for the reason that the petition did not state a cause of action.

The petition alleges, among other matters, that on July 16, 1920, the defendant's intestate, Vansycle, made a written contract with one G. P. North and plaintiff, as attorneys, the substance of which is: Vansycle employed the attorneys to represent him in suits against the Missouri Valley Cattle Loan Company and others, their fees not to exceed 25 per cent. of $50,000, "depending upon the amount of money and notes recovered," to "take all steps necessary to protect the rights of the said H. E. Vansycle;" "Vansycle is not to pay them any sum unless he is entirely satisfied, and that in no case are the fees he is to pay to exceed the reasonable and actual value of the services rendered;" that, in accordance with the contract, said attorneys performed services in a suit against Vansycle and Missouri Valley Cattle Loan Company by Shawnee State Bank upon a $12,500 note given by Vansycle to the loan company. On July 11, 1923, North withdrew from the litigation, and appellant thereafter represented Vansycle, under the contract, by consent, until December 15, 1924, when that action was finally disposed of in Vansycle's favor. On that date, after the suit ended, appellant and Vansycle orally agreed that appellant "should receive under said contract * * * as plaintiff's fees for representing said defendant twenty-five per cent. of the face of the note involved, * * * or the sum of $3,125." On January 13, 1925, appellant sent a letter to Vansycle in which it was stated:

"Under my contract with you and in accordance with our arrangement at the time this case was dismissed as was talked over by you and myself in my office, there is now due and owing to me $3,125 as attorney fees for representing you in the Shawnee State Bank case, being 25 per cent. of the face of the note involved. Now, Mr. Van-

sycle, I do not expect you to pay me all of this fee at this time, but I do expect, especially in view of the fact that I have been fighting in your behalf on this case since January, 1921, up until the present time, which fight has been all the way through the supreme court, and for which I have never received a cent in fees, I feel at this time, having completed my work covering four years of labor, that I am entitled to some pay, and I trust that you will arrange to send me at this time at least one thousand dollars on account."

In reply to the above, Vansycle wrote appellant a letter, dated January 20, 1925, saying:

"Am able after so long a time to send you a little money. I have been very sick again. Am sorry to say that I am not able to send as much as you thought you should have. But, however, I will send three hundred dollars, that amount being my limit at present. Hoping that this will be satisfactory for now, I am, as ever, yours truly, H. E. Vansycle."

Vansycle paid $300 to appellant pursuant to that letter. Vansycle had net credits of $420, leaving due appellant the sum of $2,705, and, "by reason of all the foregoing," there is due to appellant from Vansycle $2,705.

Much was said in the briefs and oral arguments about whether the action was on the written contract, *quantum meruit,* accord, or account stated, as though the decision of those questions determined the case. Matters of mere form should not defeat justice. No attack was made upon the sufficiency of the petition until, at the trial, the plaintiff encountered an objection to the introduction of any evidence because it failed to state a cause of action of any kind. The facts recited in the petition so clearly entitle the appellant to recover $2,705, plus interest, if they can be proved, that it would be an extravagance to devote much time to discussion, or citation of authorities. The appellee's brief has been examined with care. It sheds no light on the question here decided. The judgment

of the district court is reversed and the cause remanded for trial. Costs to be taxed to appellee.

REVERSED.