F. J. RIESLAND, ADMINISTRATOR, APPELLANT, V. DAWSON COUNTY IRRIGATION COMPANY, APPELLEE.

279 N. W. 726

FILED MAY 20, 1938.   No. 30295.

*B. J. Cunningham, H. G. Wellensiek, W. P. Lauritsen* and *T. M. Hewitt,* for appellant.

*W. A. Stewart, Jr.,* and *Cook & Cook, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ.

ROSE, J.

This is an action to recover $15,468.45 in damages for

alleged negligence resulting in the injury of George C. Mead in an automobile accident September 9, 1933, and in his death September 16, 1933. The administrator of his estate is F. J. Riesland, plaintiff. Decedent left surviving him his widow, Carrie M. Mead, and his mother, Lena J. Beehler. Defendant is the Dawson County Irrigation Company.

It is charged in the petition, among other allegations, that Milo Allen, an employee of defendant, while in the performance of his duties as such, negligently drove his automobile westward on the left side of the Lincoln highway in Dawson county, approximately half a mile east of Cozad, into the path of an automobile carefully operated by George C. Mead and thus caused the fatal injury.

A collision between the cars of the drivers named at the time and place stated was admitted in an answer by defendant, but unadmitted allegations of the petition were denied. Two paragraphs of the answer read thus:

"The defendant alleges that from time to time during the month of September, 1933, the defendant engaged the said Milo Allen to work for defendant as a ditch rider, but alleges that said employment was not continuous but by the day or fraction thereof and that from time to time as defendant should be in need of the services of said Allen. The defendant alleges that on said 9th day of September, 1933, the said Milo Allen was engaged by the defendant to work during the morning of said day and that his employment by the defendant terminated at noon of said day, and that said Milo Allen during the afternoon of said day was engaged upon his own business, to-wit: The cutting of fire wood for sale, in which business the defendant was not engaged and had no interest; that at the time of said collision between the automobiles of the said Mead and of the said Allen, the said Allen was returning to his home in the city of Lexington and was not in the employ of the defendant and was not the agent or employee of the defendant and was not then acting in the scope of any employment by the defendant.

"Further answering, the defendant alleges that the automobile driven by the said Allen at the time of said collision was the sole and exclusive property of the said Milo Allen and that the defendant had no interest therein. The defendant further alleges that in any use that said Allen at any time made of said automobile in connection with the business of the defendant, the said Milo Allen acted as an independent contractor and not as the servant of the de-fendant."

The reply was a general denial of facts pleaded in defense. When plaintiff rested after the introduction of his evidence, the district court sustained a motion by defendant for a nonsuit and dismissed the action for insufficiency of the evidence to sustain a verdict in favor of plaintiff. From the dismissal plaintiff appealed.

The appeal presents for review the sufficiency of the evidence to sustain a verdict in favor of plaintiff. Did plaintiff make a case for the consideration of the jury?

The evidence proved without dispute that Milo Allen, by negligent operation of his own motor car, about 7 o'clock in the evening, September 9, 1933, on the wrong side of a public highway, approximately half a mile east of Cozad, Dawson county, collided with an automobile driven by George C. Mead, who was fatally injured in the impact as alleged in the petition. There is evidence that Allen negligently caused the injury and damages of which complaint is made, but he is not a party to the action. His negligence, the resulting injury and liability therefor are charged by plaintiff to the Dawson County Irrigation Company, defendant, employer of Allen. The theory of plaintiff is that Allen was engaged in the duties of his employment by defendant when the accident occurred. The evidence will not support a finding that Allen was an independent contractor. He was an employee of defendant September 9, 1933. The proofs will not admit of any other conclusion on that issue.

The burden was on plaintiff to prove that Allen was acting within the scope of his employment by defendant

when his negligence was committed. On that issue plaintiff called Allen, himself, to the witness-stand, and he alone testified to the nature of his employment by defendant, to his duties as employee and to performance thereof September 9, 1933. His testimony on direct and cross-examination tends to prove the following facts: For 18 years was "ditch rider and ditch foreman" on defendant's irrigation system which extended from ditch headgates a mile and a half south of Cozad to Elm Creek; resided in Lexington and his duties took him between there and Cozad; rode the ditch almost daily during the irrigating season which extended from late spring until freezing weather in the fall and included September 9, 1933; water in ditch flows through a weir or gauge situated three-fourths of a mile below the headgates and automatically, by means of a float or small cable and clock, registers or measures the rise and fall of the water on a sheet of paper which is usually removed by Allen weekly on Saturday; duty of employee to adjust flow of water into ditch at headgates, read gauge at weir and turn in the report automatically registered or hand it to a designated bank; left Lexington shortly after 7 o'clock in the morning of the accident; went up the ditch to the headgates; got his readings at gauge; worked down ditch to each farmer taking water; completed day's ditch riding about noon; afternoon went in his car with Byrul Goochey to Knautsen farm, about a mile from Darr and five or six miles east of Cozad, and blasted stumps and logs for firewood for their own use—work in which defendant had no interest; in evening went from Cozad to headgates for sole purpose of giving another employee, Allen's brother, a pay check, but in the absence of the brother put his pay check in his trailer house there; went on to automatic gauge, took from his car a little cable and with it replaced the old one, a task consuming five or ten minutes; in the morning, read the gauge, removed the registration sheet and put it in the car; from the gauge went back to Cozad for the accommodation of Goochey, who was not an employee of defendant in any capacity; ate lunch with him at a restaurant

in Cozad; afterward Allen, in his own car, took Goochey to the home of his girl in Cozad, left him there, started for the Allen home in Lexington; a little later the collision occurred on the highway.

It may fairly be inferred from the testimony of Allen that it was his duty as an employee of defendant to "ride the ditch;" to adjust the flow of water into the ditch at the headgates; to change the cable or float at the automatic gauge; to read the registration sheet and deliver it to the proper person. It was no part of his duty as employee of defendant to spend Saturday afternoon, September 9, 1933, blasting firewood for himself and Goochey, or to transport Goochey from one place to another in Allen's own car, or to take the brother's pay check to the headgates of the ditch.

The testimony shows that there was a steel box back of the driver's seat in the motor car owned and operated by Allen; that he kept therein the tools used in the performance of his duties as "ditch rider;" that the cable with which he replaced, at the gauge, the one already in use there was taken from his car at the time; that the registration sheet of paper was in his car when he left Cozad in the evening.

Plaintiff contends that, in reviewing a nonsuit on his evidence alone, the court should consider established the issuable facts proved and therefrom draw all proper inferences in his favor; that an employer authorizing an employee to use his own automobile in performing his duties as such is, while doing so, liable for negligence resulting in personal injury to a third person. In connection with these propositions of law, it is argued that the evidence is sufficient to sustain a verdict that Allen was acting within the scope of his employment when the collision occurred. Assuming, without deciding, the soundness of the propositions of law stated and the facts that Allen acted for defendant while transporting the cable and the tools to the gauge, while changing cables there, and while taking the registration sheet with him to Cozad in the evening, he

nevertheless was not engaged in the performance of any duty of his employment after he left Goochey at Cozad and pursued an exclusive purpose of his own—driving to his home at Lexington. While on the way he did not use his car, or the cable or the tools or the registration sheet for his employer. It was his custom to use his car for his employer at times and at other times for himself. He was not using it or any article in it for his employer when he committed the negligent act charged. Plaintiff relies on the ruling in *Keebler v. Harris*, 120 Neb. 739, 235 N. W. 328, to sustain his position that Allen was acting within the scope of his employment at the time of the accident. The opinion in that case shows distinctly that the employee named therein, after departing temporarily from the duties of his employment for his own pleasure, resumed his duty as employee to take a repossessed automobile to the garage of his employer and was doing so under specific instructions when the negligent act was committed. That case, therefore, is not in point. It would be stretching the maxim *respondeat superior* beyond reason to apply it to the present controversy. A critical examination of all the evidence from every standpoint leads to the conclusion that plaintiff did not make a case. The nonsuit was free from error.

An assignment of error challenges as erroneous the denial of a new trial on the ground of surprise arising from a variance between the testimony of Allen in the case at bar and his testimony at the former trial of another action. Plaintiff asserts that the witness Allen testified at the former trial that he removed the registration sheet from the gauge in the evening and at the trial herein, in the morning. The variance is immaterial since, as already explained, in neither aspect of such testimony was Allen acting within the scope of his employment when his negligence inflicted the fatal injury. Error prejudicial to plaintiff has not been found in the record.

AFFIRMED.