MARGARET ANN BITTNER, APPELLEE, V. ROBERT S. CORBY, APPELLANT.

295 N. W. 277

FILED DECEMBER 10, 1940.   No. 30895.

*Chambers, Holland & Locke,* for appellant.

*Frank L. Frost* and *Frederick L. Wolff, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ., and TEWELL, District Judge.

CARTER, J.

This is an action at law commenced by the plaintiff, Margaret Ann Bittner, to recover damages for personal injuries from the defendant, Robert S. Corby, the owner of the truck in which plaintiff was riding as a guest at the time of the accident. Plaintiff recovered a verdict for $1,000 and defendant appeals.

The evidence shows that the truck in question was being operated by one Wayne Bricknell for the defendant on a newspaper route out of Omaha. Plaintiff requested a ride from Creston, Iowa, into Omaha and Bricknell permitted her to accompany him. A short distance out of Underwood, Iowa, plaintiff noticed a car ahead of the truck which was proceeding in the same direction. As the truck approached the car plaintiff observed that Bricknell had fallen asleep and, in order to prevent a collision, she turned the truck

out and around the other vehicle. Just as the truck passed the car Bricknell awoke suddenly and grabbed the wheel, thereby causing the truck to go off the road and injure the plaintiff.

It is the contention of the defendant that these facts are not sufficient to sustain a judgment under the guest law of the state of Iowa and that a verdict should have been directed in his favor.

That the accident happened in the state of Iowa and that the guest law of that state is applicable is not disputed. The guest law of Iowa and the interpretations placed upon it by the supreme court of that state were pleaded by the defendant.

The guest law of Iowa is as follows: "The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person riding in said motor vehicle as a guest or by invitation and not for hire, unless damage is caused as a result of the driver of said motor vehicle being under the influence of intoxicating liquor or because of the reckless operation by him of such motor vehicle." Code of Iowa, 1935, sec. 5026-b1.

In construing this section of the statute, the supreme court of Iowa has said, in order to establish that motorist was reckless within the automobile guest statute, injured guest must show not only negligence, but "must go further than this and show a rash, heedless, disregard of danger that would be apparent to or reasonably anticipated by a person exercising ordinary prudence and caution under existing circumstances." *Wright v. What Cheer Clay Products Co.,* 221 Ia. 1292, 267 N. W. 92.

The question is, therefore, whether the act of Bricknell in dozing off or falling asleep at the wheel is reckless operation of the truck within the purview of the Iowa guest statute. The Iowa supreme court has passed upon that question on several occasions.

In *Kaplan v. Kaplan,* 213 Ia. 646, 239 N. W. 682, the court said: "But the appellant argues that the father was reckless for going to sleep or permitting himself to be

overcome by sleep. While he may have been negligent, this does not constitute recklessness within the meaning of the statute."

In a similar case the Iowa court in denying a recovery also said: "Recklessness goes beyond mere negligence and has often been defined, and was so defined in the instructions in this case. It means proceeding without heed of or concern for consequences, and must be such as to manifest a heedless disregard for or indifference to the rights of others. In the case at bar there is no question of intoxication; and it is not seriously argued that, under our previous holdings, the mere act of falling asleep constitutes recklessness. * * * Nor does the plaintiff urge that the acts of the driver while asleep, or after being overcome by sleep, would constitute recklessness; but his claim is that the defendant driver, knowing that he was sleepy, continued to drive the car, and that, with such knowledge, in continuing to drive he was reckless." *Paulson v. Hanson*, 226 Ia. 858, 285 N. W. 189. See, also, *Duncan v. Lowe*, 221 Ia. 1278, 268 N. W. 10.

Under these decisions we are obliged to hold that the act of Bricknell in falling asleep did not constitute reckless operation of the truck within the meaning of the Iowa guest statute. Neither is it reckless operation of the truck for Bricknell, knowing that he was sleepy, to continue to drive the truck. The trial court should have directed a verdict for the defendant.

Plaintiff contends that defendant admitted liability in his answer by the use of the following language: "That thereafter on said date defendant, feeling *a* legal responsibility for the injuries sustained by the plaintiff but desiring to defray expenses for her, paid the said plaintiff the sum of $160." Defendant contends that the use of the article "a" instead of the word "no" was an obvious typographical error. With this we agree. The sentence as written is awkward and indefinite and is inconsistent with the remaining portions of the answer. In addition thereto it is not consistent with the theory of the case upon which both

parties submitted it. The obvious error in the answer was cured by its submission by both the parties on the theory that the word "no" was intended instead of the article "a". *Wheeler v. Chicago & W. I. R. Co.*, 182 Ill. App. 194; *Id.*, 267 Ill. 306, 108 N. E. 330; *Kimball v. Lincoln Theatre Corporation*, 129 Neb. 446, 261 N. W. 842.

The trial court erred in not directing a verdict for the defendant at the close of all the evidence.

REVERSED.