JOHN SUTTON, APPELLEE, V. INLAND CONSTRUCTION COMPANY ET AL., APPELLANTS: JOHN E. MARTIN ET AL., DEFENDANTS.

14 N. W. 2d 387

FILED MAY 5, 1944. No. 31737.

*Crofoot, Fraser, Connolly & Stryker* and *Richard E. O'Brien,* for appellants.

*Reed O'Hanlon* and *Webb, Beber, Klutznick & Kelley,* contra.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

CARTER, J.

This is an action to recover damages for personal injuries sustained by the plaintiff as the result of an automobile accident. The plaintiff obtained a verdict and judg-

ment for $14,800. The defendants Inland Construction Company and Harry Meek appeal.

The evidence shows that plaintiff was a civil engineer in the employ of the highway department of the state. On August 11, 1941, he was in charge of a preliminary survey being made on Highway No. 30 between Chappell and Lodgepole. At about 5:30 o'clock on the morning in question, plaintiff and two assistants had arrived at a point about four miles west of Chappell for the purpose of proceeding with the survey. Plaintiff had alighted from his car and set up his transit on a tripod at a point four and one-half feet south of the center line of the highway, when he was struck by an automobile owned by the defendant Harry Meek and being operated by one John E. Martin, causing very serious injuries to the plaintiff. The evidence is clear that plaintiff was struck on the south half of the highway by the Meek car as it was proceeding west. The evidence of Martin, the driver of the car, was to the effect that he saw the plaintiff and his helpers some distance back, but simply did not see them immediately before the accident, it being evident that he fell asleep at the wheel, with the results heretofore shown. The defendant Meek was reclining on the back seat of the car and knew nothing of the accident until after it had occurred. Plaintiff's two helpers were a quarter mile west of the scene of the accident and did not know of its occurrence until Meek came for them.

The defendant Inland Construction Company contends that the evidence is insufficient to charge it with the negligence of Martin and that its motion for a directed verdict should have been sustained. The evidence shows that Meek was a foreman or superintendent in charge of highway construction and repair work for the Inland Construction Company. In addition to his regular salary the company paid Meek $50 a month and provided oil and gasoline for the use of his car in performing his work for the company. Martin was a tractor operator working for the company under the direction of Meek. Both Martin and Meek were rooming in Sidney and driving to and from their work in

Meek's car. The record shows that on August 8 and 9, both had worked on a job south of Big Springs. In going to work they had gone east from Sidney to Big Springs junction and then turned south through Big Springs to the point where their work was being done. In returning to Sidney they traveled the same road.

The evidence further shows that the company was obligated to maintain the sections of the highway repaired for 72 hours after completion. Meek, as foreman, was in charge of this 72 hour-maintenance work. On Sunday, August 10, Meek and Martin drove down to Big Springs where Meek performed certain duties pertaining to the maintenance work, requiring an hour's time. When Meek completed his work they drove to Benkelman, a distance of approximately 100 miles, Martin to visit his parents and Meek to visit friends. At 3:00 o'clock a. m. on August 11, they left Benkelman for Sidney. Meek drove the car to Ogallala at which point Martin became the driver. Shortly thereafter Meek climbed into the back seat and lay down to rest or sleep. As they approached Big Springs junction, about 20 miles west of Ogallala, Martin inquired if Meek desired to go into Big Springs, and receiving a negative answer, continued on to the scene of the accident about four miles west. The evidence is clear that Martin and Meek left Big Springs for Benkelman on business of their own. When they left Benkelman they were intending to go to Sidney, where they expected to go to work on another job at seven o'clock that morning. The accident occurred on a section of Highway No. 30 which they had traveled in going to and from their work on the Big Springs job. There is no evidence in the record that either Martin or Meek had any work to perform for the company from the time they left Big Springs on Sunday until the time of the accident on Monday morning.

It is not disputed that Meek and Martin were both in the employ of the Inland Construction Company. The question to be determined is whether they were working within the scope of their employment at the time the accident occurred. It is a fundamental rule that a corporation is liable for the

negligence of the driver of an automobile only when the relation of master and servant, or principal and agent, exists between the corporation and the negligent driver. *Neff v. Brandeis,* 91 Neb. 11, 135 N. W. 232; *Mackechnie v. Lyders,* 134 Neb. 682, 279 N. W. 328. It is also fundamental that a person is liable for the negligent operation of an automobile by his servant or agent only where such servant or agent, at the time of the accident, was engaged in his employer's or principal's business with his knowledge and direction. *Weber v. Thompson-Belden & Co.,* 105 Neb. 606, 181 N. W. 649; *Mackechnie v. Lyders, supra; Dirks v. Ensign Omnibus & Transfer Co.,* 107 Neb. 556, 86 N. W. 525.

The evidence shows without dispute that Meek and Martin were not engaged in the performance of any duty pertaining to their employment after they left Big Springs on Sunday morning. They pursued an exclusive purpose of their own. They had departed from their employment and had not returned to it at the time the accident happened. It is true that in returning to Sidney to resume their employment they used the same section of Highway No. 30 after arriving at Big Springs junction that they had used in driving to and from the Big Springs job. But this alone is not sufficient to establish that they had resumed their duties as employees. We think the case is controlled by the rules announced in *Riesland v. Dawson County Irrigation Co.,* 134 Neb. 773, 279 N. W. 726, a case very similar on the facts wherein this court said: "In an action against an employer for a personal injury inflicted by an employee upon a third person by the negligent use of an automobile owned and operated by the employee, the burden is on plaintiff to prove that the employee was acting within the scope of his employment at the time of the injury." In the foregoing case the plaintiff was going home over a route usually traveled by him in his employment, after departing from his employment and pursuing a mission of his own. The effect of the holding is that the fact that he had returned to his usual route of travel was not of itself sufficient, the evidence must show a return to the duties of his employment.

See, also, *Dafoe v. Grantski,* 143 Neb. 344, 9 N. W. 2d 488; *Ebers v. Whitmore,* 122 Neb. 653, 241 N. W. 126; *Harrell v. People's City Mission Home,* 131 Neb. 138, 267 N. W. 344.

The plaintiff relies principally upon *Keebler v. Harris,* 120 Neb. 739, 235 N. W. 328, and *Peterson v. Brinn & Jensen Co.,* 133 Neb. 796, 277 N. W. 82, 134 Neb. 909, 280 N. W. 171. These cases are distinguishable in that the evidence showed that after a deviation from the employment, the employee had resumed duties within the scope of his employment. The rule applied was: "Notwithstanding the servant's deviation or departure from his employment for purposes of his own, if at the time of the act complained of the servant had fulfilled his purpose and resumed the prosecution of the master's business, the master will be liable for his act, * * * ." 39 C. J. 1298, sec. 1495. No such evidence is present in the case at bar which would have the effect of bringing it within the contemplation of that rule. Many cases from foreign jurisdictions are cited by the plaintiff in support of his theory that upon their return to Big Springs junction Meek and Martin thereby resumed the trip commenced on Sunday morning and that the relation of master and servant was then resumed. A close examination of these cases reveals that they are similar in principle with *Keebler v. Harris, supra,* and are distinguishable for the same reasons. An examination of the evidence convinces us that plaintiff failed to make a case against the Inland Construction Company and that the trial court erred in not directing a verdict as to it.

Defendant Meek contends that the court erred in not sustaining his motion for a directed verdict. The evidence shows that Meek was the owner of the car being operated by Martin, that he was riding in it at the time of the accident and that Martin was driving with his permission. Under such circumstances, if the automobile was negligently operated, it must be held that the driver's negligence is imputed to him. The prevailing rule is that the relation of principal and agent or master and servant exists between the owner and the driver under such circumstances, and

that the owner, being present in the car at the time of the accident and having the control and authority of a principal or master, is responsible for and bound by the negligence of his agent or servant. *Baker v. Maseeh*, 20 Ariz. 201, 179 Pac. 53; *Smith v. Wells*, 326 Mo. 525, 31 S. W. 2d 1014. We find no evidence in the record which tends to relieve Meek from the operation of this rule.

The evidence is sufficient to sustain a finding by a jury that the driver of the car was negligent. He saw the plaintiff and his helpers on the highway in ample time to have avoided an accident. He drove his car onto the left side of the road without any justification whatever and thereby caused the accident. The evidence is clear that he did not keep a proper lookout. It is the contention of the defendant Meek that no negligence exists for the reason that where a driver of an automobile, without warning, involuntarily falls asleep while driving, he cannot be held guilty of negligence. In the first place, there is no direct evidence in the record that Martin fell asleep while driving the car, although the inferences to be drawn from the evidence support that theory. Assuming, as contended, that the accident was the result of the driver falling asleep, the question was still for the jury, the rule being: "Without extended discussion, we hold that going to sleep at the wheel while operating a car is evidence of negligence. The dangers of running a car while asleep are so obvious as to need no comment. It is the duty of the driver to keep awake or cease to drive. A failure so to do is *prima facie* evidence of negligence. The burden passes to the defendant to show some unusual cause of his falling asleep which reasonable diligence could not foresee nor forestall." *Whiddon v. Malone*, 220 Ala. 220, 124 So. 516. In *Diamond State Telephone Co. v. Hunter*, 41 Del. 336, 21 Atl. 2d 286, it was said: "Sleep does not ordinarily come upon one unawares, and by watching for indications of its approach, or heeding circumstances which are likely to bring it about, one may either ward it off or cease an activity capable of danger to others or to their property. The failure to either ward off

sleep or to cease such a dangerous activity, as in this case the operation of an automobile, after having been warned of the imminence of sleep, constitutes negligence." We think, therefore, that the fact that one falls asleep while driving an automobile constitutes sufficient evidence of negligence to require the question of the driver's negligence to be submitted to the jury. An annotation of the cases on this subject will be found in 138 A. L. R. 1388.

Defendant cites *Bittner v. Corby*, 138 Neb. 738, 295 N. W. 277, in support of his contention that falling asleep at the wheel while operating an automobile does not constitute evidence of negligence. The case is not in point for the reason that it involves the question whether falling asleep at the wheel while driving constitutes proof of reckless driving within the meaning of the Iowa guest statute. Obviously the question there determined has no relation to the one at bar.

The defendant complains of the action of the trial court in permitting the plaintiff to amend his petition after the evidence was in. An examination of the amendment allowed reveals that it did not result in a change of the issues or the theory upon which the evidence was adduced. No prejudice appearing from the record, error cannot be predicated thereon. The rule is: "At any stage of a proceeding an amendment to a pleading may be made which does not change the issues nor affect the quantum of proof as to a material fact. Prejudice to a party as a result of an amendment to pleadings must appear from the record to constitute reversible error." *Miller Rubber Products Co. v. Anderson*, 123 Neb. 247, 242 N. W. 449.

Defendant complains that the judgment for $14,800 was excessive. The evidence shows that plaintiff was 38 years of age with an expectancy in excess of 28 years. His right arm was so badly shattered that two major operations were necessary to set the arm. He also suffered a severe concussion of the brain in the accident, so severe that he was in a state of unconsciousness for a period of six weeks. There is ample evidence in the record that plaintiff has sustained

permanent injuries to his brain and to his right arm. There is evidence of much suffering endured by the plaintiff during the time his injuries were being treated. There is also evidence that plaintiff will never be able to carry on his profession as civil engineer as before because of the injuries he received. No method of exact computation can be devised in determining compensatory damages in cases of this kind. We think the evidence was such that the jury could properly arrive at the amount determined upon by them. We can find no yardstick whereby we can say as a matter of law that the verdict was excessive. Under such circumstances this court may not substitute its judgment for that of the jury, even if it be assumed that this court would determine that a lesser amount would constitute adequate compensation for the injuries sustained.

The action of the trial court in entering judgment against the Inland Construction Company is reversed and the cause dismissed as to it. The judgment against the defendant Meek is affirmed.

AFFIRMED IN PART AND IN PART REVERSED AND DISMISSED.