GRACE HENDRIX, APPELLANT, v. JUSTINA VANA ET AL., APPELLEES.

45 N. W. 2d 429

Filed January 5, 1951. No. 32856.

*Kennedy, Holland, DeLacy & Svoboda, Samuel P. Caniglia,* and *L. J. Tierney,* for appellant.

*Webb & Kelley,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an action for damages brought by a guest passenger in an automobile against the owner and the driver of a truck. The injuries claimed resulted from a collision of the two vehicles. The cause was tried to a jury resulting in a verdict for the defendant. Plaintiff appeals, presenting alleged errors in the instructions. We reverse the judgment and remand the cause.

Before trial the action was dismissed as to Justina Vana.

The accident happened on 24th Street south of N Street in South Omaha. Distances stated were given by the witnesses as approximations. The street is 60 feet wide. There are north- and south-bound car tracks in the street, being 15 feet from outer rail to outer rail. It is 20 to 22 feet from the east rail to the curb line. The sidewalk on the east side of the street is 20 feet wide. There is a garage on the east side of 24th Street with a driveway about 100 feet south of the intersection of N Street and 24th Street. The driveway is 15 feet wide.

At the time of the accident there were cars, parked

diagonally, along the street south of the driveway. There were no cars parked north of the driveway. There was a three-wheeled motorcycle standing somewhere in that north 100 feet.

The accident happened about noon on March 20, 1948. The weather was clear and mild; the pavement, dry; the traffic, heavy. There is little dispute in the evidence. Plaintiff's husband was the owner of a Ford Tudor. He was driving north in the car, with his wheels astride the east car track. His speed was five to ten miles an hour. He was looking for a parking place. There was at least one moving car ahead of the Ford about 15 feet. Plaintiff was riding in the right front seat, opposite her husband, sitting with her back somewhat to the right side of the car, and facing toward her husband. She was paying no attention to traffic conditions. Her husband was going slowly and nothing occurred to cause her to be concerned.

Defendant, the driver of the truck, backed into the car in which plaintiff was riding. Defendant's truck is described as a dump truck. There was a metal guard built up over the cab to protect it from materials dumped into the truck. This guard prevented any view through the rear of the cab, with the exception of three small holes, each 9/16 of an inch in diameter. The left rear corner of the truck body struck the car at the right door, breaking the glass and the handle, pushing the door in; and injuring the frame.

Plaintiff's husband testified as to the cause of the accident. He said that when he got to a point about 15 feet south of the driveway he observed a truck standing on the driveway, its rear wheels at about the curb. He paid no further attention to it but rather watched the car and the road ahead. He did not see the truck move or hit his car. He heard no signal by horn or otherwise. Neither did the plaintiff. Plaintiff gave no warning of danger. After the collision the

Ford stopped within a foot of the point of impact with a part of the truck body sticking into the car.

Defendant testified that he backed the truck out of the garage, stopping with the rear end of his truck at the east edge of the sidewalk, and there signalled with his horn to pedestrians. He did not thereafter sound his horn. He then backed his truck west for 40 feet so that it came to a place where its front wheels were at the curb line and the truck was generally in a direction southwest-northeast. He said he stopped there in the position of a car parked diagonally to the curb. His truck remained in that position while he looked to the south. He could see a distance of 200 feet and saw two cars coming from the south. He waited while those cars passed, looked to the north to be sure they had, and then looked again to the south and saw no cars coming. He then put his truck into the lower of two reverse gears, cramped his wheels slightly so as to get in a position to drive north, eased the truck out into the street at a speed of less than a mile an hour, and, after moving four or five feet, heard the tinkling of breaking glass caused by the impact. He testified that the Ford moved several feet beyond the point of impact before stopping. Plaintiff suffered injuries.

The trial court submitted the issue of contributory negligence to the jury and gave an instruction on comparative negligence. In one instruction the court set forth the elements of proof required of plaintiff before she could recover, and that if plaintiff had proved those elements, the verdict should be for the plaintiff "unless you find the plaintiff herself to have been negligent or the driver of the car in which the plaintiff was riding to have been negligent to an extent to defeat her recovery * * *." Plaintiff contends that this instruction submitted imputed negligence to the jury.

Plaintiff assigns these instructions as error.

Defendant argues that plaintiff was negligent in sitting sidewise in the car, her back to the right, and in

so doing must have obstructed her husband's vision. He further argues that plaintiff was negligent in not seeing defendant's truck standing or moving, in not warning of danger, in not watching the traffic, and, in short, in riding without paying attention to what was going on.

In Costello v. Hild, 152 Neb. 1, 40 N. W. 2d 228, we restated the rules applicable here as follows:

"The duty of a guest riding in an automobile is to use care in keeping a lookout commensurate with that of an ordinarily prudent person under like circumstances. The guest is not required to use the same degree of care as devolves upon the driver. If the guest perceives danger, or if at certain times and places should anticipate danger, ·he should warn the driver. Ordinarily, the guest need not watch the road or advise the driver in the management of the car."

"It is the duty of an invited guest in an automobile driven by another, with knowledge of approaching danger, to exercise ordinary care to warn the driver of the danger, unless to a reasonably careful, cautious, and prudent person it appears that the warning would be of no avail or go unheeded, or that the driver observed or should have observed the danger, as well as the guest, and for failure to give such warning the guest would be chargeable with contributory negligence."

"It is the duty of an invited guest, with knowledge of approaching danger, in the exercise of ordinary care to protest to the host if there is time and opportunity, unless it reasonably appears that such protest would go unheeded or would be of no avail, and for failure so to do the guest would be chargeable with contributory negligence."

Weighed by these rules we see no basis in the evidence for a holding that plaintiff was guilty of contributory negligence. Certainly a truck standing outside the line of travel of a slowly moving car, 15 to 20 feet according to plaintiff's husband or four or five feet ac-

cording to defendant, does not present a situation that requires a guest to constantly watch it anticipating that someone without warning, as admittedly was done here, would back it out into and against the flow of traffic, and into the side of a car in which a guest is riding.

The rule is: "Where there is no evidence to support the defense of contributory negligence it should not be submitted to a jury and to do so is prejudicial error requiring the granting of a new trial." Costello v. Hild, *supra.*

The rule also is: "The negligence of a husband while driving an automobile, in which his wife is a guest, may not be imputed to her." Remmenga v. Selk, 150 Neb. 401, 34 N. W. 2d 757.

The giving of the instructions about which complaint is here made was prejudicial error.

The remaining assignments of error need not be determined.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.