KATHERINE KUSKA, APPELLANT, V. NICHOLS CONSTRUCTION
COMPANY, A PARTNERSHIP, APPELLEE.
48 N. W. 2d 682

Filed July 5, 1951. No. 33020.

*Keenan & Corbitt,* for appellant.

*Gross, Welch, Vinardi & Kauffman,* and *Waring & Waring,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

582

CHAPPELL, J.

Plaintiff, a guest in a car owned and operated by her husband, brought this action against defendant to recover damages for personal injuries resulting from an automobile accident alleged to have been proximately caused by negligence of defendant who dumped a pile of gravel on the traveled portion of a county highway without barricading the same or erecting any signs warning the public of the obstruction. At conclusion of plaintiff's evidence, the trial court sustained defendant's motion to direct a verdict or dismiss the case, upon the ground that as a matter of law defendant was not negligent and did not commit any negligent act which contributed to or was a proximate cause of the accident. Motion for new trial was overruled and plaintiff appealed, assigning that the trial court erred in sustaining defendant's motion and refusing to submit the issues of negligence to the jury for its determination. We sustain the assignment.

Concededly, plaintiff was a guest in her husband's car, and his negligence, if any, which under the circumstances presented we are not required to discuss, would not be imputed to her. As held in Hamblen v. Steckley, 148 Neb. 283, 27 N. W. 2d 178: "The negligence of a person while driving an automobile with another as his guest may not ordinarily be imputable to the guest, but such guest may be responsible for the consequences of his own negligence."

In that connection: "The duty of a guest riding in an automobile is to use care in keeping a lookout commensurate with that of an ordinarily prudent person under like circumstances. The guest is not required to use the same degree of care as devolves upon the driver. If the guest perceive danger, or if at certain times and places should anticipate danger, he should warn the driver. Ordinarily, the guest need not watch the road or advise the driver in the management of the car.

"It is the duty of an invited guest in an automobile

driven by another, with knowledge of approaching danger, to exercise ordinary care to warn the driver of the danger, unless to a reasonably careful, cautious, and prudent person it appears that the warning would be of no avail or go unheeded, or that the driver observed or should have observed the danger, as well as the guest, and for failure to give such warning the guest would be chargeable with contributory negligence.

"It is the duty of an invited guest, with knowledge of approaching danger, in the exercise of ordinary care to protest to the host if there is time and opportunity, unless it reasonably appears that such protest would go unheeded or would be of no avail, and for failure so to do the guest would be chargeable with contributory negligence." Hendrix v. Vana, 153 Neb. 531, 45 N. W. 2d 429. See, also, Hamblen v. Steckley, *supra,* a case involving issues of negligence, wherein it was held: "In a jury case where different minds may draw different conclusions or inferences from the adduced evidence, or if there is a conflict in the evidence, the matter at issue must be submitted to the jury, but where the evidence is undisputed, or but one reasonable inference or conclusion can be drawn from the evidence, the question is of law for the court." See, also, Pahl v. Sprague, 152 Neb. 681, 42 N. W. 2d 367.

Under the evidence as now presented to us, it could not be reasonably concluded that plaintiff was guilty of any contributory negligence. The sole question presented then, as we view it, is whether or not the evidence adduced in plaintiff's behalf required a submission of defendant's alleged negligence to the jury for its determination. In that connection, we may assume for the purpose of argument only, that plaintiff's driver, who was required to use ordinary care, was guilty of negligence proximately causing the accident, yet the rule is that if defendant was also guilty of negligence proximately causing the accident, plaintiff may still recover, because the applicable rule is that: "Where separate independent

acts of negligence by different persons combine to produce a single injury, each participant is liable for the resulting damages, although one of them alone might not have caused the injury.

" 'Tort-feasor is liable for all consequences which, in natural course of events, flow from unlawful or negligent acts, although results were brought about by intervening agency of others, provided intervening agents were set in motion by tort-feasor or were natural consequences of original wrongful acts.' Paup v. American Telephone & Telegraph Co., 247 N. W. 411 (124 Neb. 550)." McClelland v. Interstate Transit Lines, 142 Neb. 439, 6 N. W. 2d 384.

That case also held: "If the original negligence is of a character which, according to the usual experience of mankind, is liable to invite or induce the intervention of some subsequent cause, the intervening cause will not excuse it, and the subsequent mischief will be held to be the result of the original negligence."

In Simonsen v. Thorin, 120 Neb. 684, 234 N. W. 628, 81 A. L. R. 1000, it was held: "When one engaged in the proper use of a highway causes an obstruction to be placed upon it in such a manner as to be dangerous to traffic, he must use ordinary care to prevent injury to others where he knows that such obstruction is calculated to do an injury to travelers upon said highway.

"The negligence in such a case is, after having placed an obstruction in the highway, to leave it in such a manner as will be dangerous to others using the highway.

"Whoever places an obstruction in a public highway, even by an involuntary act and without negligence, is under obligation to remove such a nuisance from the highway or is required to use ordinary care to warn the traffic on said highway of the dangers incident to said obstruction."

In Grantham v. Watson Bros. Transportation Co., 142 Neb. 362, 6 N. W. 2d 372, on rehearing, 142 Neb. 367, 9 N. W. 2d 157, it was held: "When one engaged in

the lawful use of a highway causes an obstruction to be placed upon it in such a manner as to be dangerous to traffic, he must use ordinary care to prevent injury to others where he knows, or in the exercise of ordinary care should know, that said obstruction is calculated to do injury to travelers upon said highway."

As stated in McClelland v. Interstate Transit Lines, *supra,* quoting from Lisle v. Anderson, 61 Okl. 68, 159 P. 278, L. R. A. 1917A 128, and citing Zimmer v. Brandon, 134 Neb. 311, 278 N. W. 502, as approving the statement: " 'Thus, it is to be seen that the rule is: "Whenever the circumstances attending a situation are such that an ordinarily prudent person could reasonably apprehend that, as the natural and probable consequences of his act, another person, rightfully there, will be in danger of receiving an injury, a duty to exercise ordinary care to prevent such injury arises; and, if such care is not exercised by the party on whom the duty rests and injury to another person results therefrom, liability on the part of the negligent party to the person injured will generally exist, in the absence of any other controlling element or fact, and this, too, without regard to the legal relationship of the parties." ' "

Generally, it is the continuing duty of a road contractor engaged in constructing, grading, or graveling a highway, to use ordinary care and erect barricades or signs, or otherwise adequately warn the traveling public if the highway is dangerous to travel or if obstructions are placed thereon. A failure to so warn the traveling public is continuing negligence as distinguished from a condition, and if reasonable minds could conclude from the evidence that such negligence proximately caused an accident, then the issue should be submitted to a jury for its determination. Simonsen v. Thorin, *supra;* Grantham v. Watson Bros. Transportation Co., *supra;* Sharp v. Chicago, B. & Q. R. R. Co., 110 Neb. 34, 193 N. W. 150; 40 C. J. S., Highways, § 262, p. 306. As stated in the last-cited case: "It is elementary that the public may assume

that those who are charged with the maintenance of highways have performed their duty."

It must also be borne in mind that: "A traveler may occupy and use any part of a public highway he desires when not needed by another whose rights thereto are superior to his own." Klaus v. Soloman Valley Stage Lines Co., 130 Neb. 325, 264 N. W. 747.

In King v. Douglas County, 114 Neb. 477, 208 N. W. 120, it was held: "The presence of a well-traveled track, obviously in recent use, situated within the confines of a regularly established rural highway, and connecting with a public highway open to travel, with no barriers thereto, and no warning signs thereon, constitutes a continuing invitation to the traveling public to use the same, and justifies the assumption that those chargeable with its maintenance have performed their duties, and that the portion of the highway occupied by such traveled tracks is reasonably safe for the accommodation of the public."

It is well established in this jurisdiction that a motion for directed verdict or dismissal, "must, for the purpose of decision thereon, be treated as an admission of the truth of all material and relevant evidence submitted on behalf of the party against whom the motion is directed. Such party is entitled to have every controverted fact resolved in his favor and to have the benefit of every inference that can reasonably be deduced from the evidence." Pahl v. Sprague, *supra*.

In the light of the foregoing rules, we have examined the evidence adduced in plaintiff's behalf, which, briefly summarized, disclosed that: Plaintiff and her husband lived on a farm about ½ mile east and 1¼ miles north of the point of accident. About 4:30 p. m. on Sunday, November 13, 1949, a bright, sunny, dry day, they decided to visit one of their farms located a few miles southwest of where they lived. The husband drove his almost new Plymouth sedan, and plaintiff rode with him. He drove south about 1¼ miles, to an intersection of

county highways. Ordinarily they would have continued on south at such point, but such south road was rough and rolling, with a "kitty-cornered" bridge. They knew that the east and west road had been graded some time before, but they did not know that it was then being graveled. That road, of light clay dirt, with no gravel upon it and apparently open generally to the public, looked good, with smooth, well-traveled center tracks. It was a little rough at the edges of the road bordering upon ditches about 6 feet or more deep. There were no barricades or warning signs at the intersection, and none between it and the point of impact about one-half mile west, so, assuming that it was safe to proceed, as they had a right to do, the driver turned west. The sun was about at point of setting, and, although they put down the visors, its glare from the hood interfered with their normal vision. They could see at the sides of the road better than straight ahead, so the driver traveled a track approximately in the center of the highway. Driving at 25, not more than 30 miles an hour, at a point about one-half mile west of the intersection, along and over which there had been no gravel, the left front wheel of their car, then traveling a little left of the left center track, struck a pile of gravel 29 feet 3 inches long, 6 feet 9 inches wide, and 1 foot 9 inches high at its deepest point after the accident, which had been dumped but not spread in and south of the left center traveled track. The gravel was the same color as the road and neither plaintiff nor her husband saw the gravel before striking it. At the point where the impact occurred, the road sloped slightly downward for a short distance, and then up over a sloping hill to the west. Photographs received in evidence, particularly exhibit No. 7 taken the next morning, clearly reflect the entire situation and support the evidence adduced in plaintiff's behalf. When the impact occurred, the car was thrown to the left into the ditch about 8 feet deep, striking the south bank thereof almost head-on, in a southwesterly direction.

Then and there plaintiff was thrown against and about in the car, thence out through the right door to the ground. As a result she was injured, the extent of which need not be discussed. Defendant's answer admitted that it was under contract with Fillmore County to gravel the road and that it had unloaded the gravel preliminary to spreading same upon the traveled portion of the highway.

In the light of such evidence, and the law heretofore cited, we conclude that the trial court erred in sustaining defendant's motion and refusing to submit the alleged issues of negligence and proximate cause to the jury. Therefore, the judgment should be and hereby is reversed and the cause is remanded with directions to grant a new trial.

REVERSED AND REMANDED WITH DIRECTIONS.