EDNA M. SCOTT, APPELLANT, V. SERVICE PIPE LINE COMPANY, A CORPORATION, ET AL., APPELLEES.

65 N. W. 2d 219

Filed June 25, 1954. No. 33553.

*Dryden, Jensen & Dier,* for appellants.

*Hamer, Tye & Worlock* and *Blackledge & Sidner,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an action by Edna M. Scott, plaintiff, to re-

cover damages for personal injuries sustained in an automobile collision, against the defendants Service Pipe Line Company, a corporation, and Vernie L. Fields. A verdict was directed in favor of the Service Pipe Line Company. The jury found for the plaintiff against the defendant Fields in the amount of $10,000. The plaintiff appeals.

The evidence shows that on October 11, 1952, at about 3:15 p. m., an automobile owned and driven by Don Scott collided with a car owned and driven by the defendant Vernie L. Fields about 1 mile east of Elm Creek, Nebraska. The plaintiff, Edna M. Scott, is the mother of Don Scott and was riding in the front seat with him at the time of the accident. She was holding Ann Scott, Don's 3-year-old daughter, on her lap at the time. Don Scott's wife, Lucille, was riding in the back seat with their 1-year-old daughter, Susie. The Scott car was being driven east on U. S. Highway No. 30 at about 60 miles per hour as it left Elm Creek. As the car approached the intersection of U. S. Highway No. 30, with a graveled county road 1 mile east of Elm Creek, Don Scott observed the Fields car approaching from the east.

The testimony of Don Scott was to the effect that he approached the intersection at the rate of 60 miles per hour. He observed the Fields car start to turn left at the intersection and he slowed down to 45 or 50 miles per hour. The Fields car then turned back onto its side of the highway. Don Scott thereupon speeded up his car to go on by. The Fields car then turned left in front of him without signaling and the Fields car was hit broadside in the south half of the intersection. There is evidence that the Scott car made tire marks for a distance of 56 feet on the south side of the pavement.

The defendant testified that he was driving west on the north side of the highway as he approached the intersection. He slowed down to 20 miles per hour and started to turn left across the center line when he saw

the Scott car coming. He turned back to the right side of the highway and then, without signaling, turned left in front of the Scott car. The manner of the happening of the accident appears to have been correctly described in. a statement which he admitted giving in the following words: "I started over into his lane, and then I saw that he was coming pretty fast, so I pulled back; and then I saw him slow down, so I thought I could shoot across, but I didn't make it across."

The evidence was clearly sufficient to sustain the finding of the jury that Fields was negligent in turning in front of the Scott car without signaling such intention.

The plaintiff complains of the trial court's action in submitting the question of contributory negligence to the jury. In this respect the evidence shows that Edna M. Scott, the plaintiff, was a resident of Peoria, Illinois. The son, Don, also lived in that city. Plaintiff accompanied Don and his family on a vacation trip to Albuquerque, New Mexico, to visit plaintiff's daughter. There is some evidence that plaintiff was paying her own expenses and that her husband had indicated that he would pay some part of the car expense. It was not a joint enterprise as that term is legally used. Plaintiff was clearly the guest of her son Don on the trip, and the negligence of Don, if any, was not imputed to her. The trial court correctly instructed the jury on this issue.

The only evidence in the record as to any contributory negligence on the part of the plaintiff was that which the plaintiff gave. She testified that she was riding in the front seat holding her 3-year-old granddaughter who was sleeping. She says that Don was driving his car at a moderate rate of speed, but that she was paying no particular attention. She saw the Fields car coming approximately a half mile distant. Each car was on its own side of the road at that time. She says they had traveled a long time and that she was tired. She was drowsy and closed her eyes from time to time but

did not sleep. After seeing the car a half mile distant she closed her eyes. The next time she saw the Fields car it was crossing the intersection immediately in front of them. When she saw the car there was no time to do or say anything. She says the car was so close that she "held Ann a little tighter and just breathed a silent prayer." The next thing she knew she was coming to after the accident. Upon this evidence the trial court submitted the question of her contributory negligence to the jury.

The duty of a guest riding in an automobile is to use care in keeping a lookout commensurate with that of an ordinary prudent person under similar circumstances. The guest is not required to exercise the same degree of care as the driver. If the guest observes danger, or if danger should ordinarily be anticipated, the guest should warn the driver, but ordinarily a guest is not required to watch the road or advise the driver in the management of the car. Where a driver observed or should have observed the danger as well as the guest, the guest is not ordinarily negligent in failing to warn the driver. There is no evidence in the present case that plaintiff knew of or observed any danger until it was too late to avoid the accident. The danger was suddenly created by the defendant Fields turning into the path of the Scott car without signaling an intention to do so. It is not contributory negligence for a guest to sleep while riding in an automobile when she has no knowledge of negligent driving on the part of her host or of impending danger on the highway. Davis v. Spindler, 156 Neb. 276, 56 N. W. 2d 107; Montgomery v. Ross, 156 Neb. 875, 58 N. W. 2d 340. Under the evidence in this case the accident could not have been avoided if plaintiff had been watching the road and had observed the danger when it arose. Under such circumstances it was reversible error to submit the question of plaintiff's contributory negligence to the jury. Costello v. Hild, 152 Neb. 1, 40 N. W. 2d 228; Hendrix v. Vana, 153 Neb.

531, 45 N. W. 2d 429; Kuska v. Nichols Construction Co., 154 Neb. 580, 48 N. W. 2d 682.

The plaintiff complains of the ruling of the trial court in dismissing the action as to the Service Pipe Line Company. The evidence shows that the defendant Fields was an employee of the pipe line company. He was employed at Alfalfa Center pumping station as the chief station engineer. He was the supervisor of eight employees working at the pumping station. There is evidence that he was authorized to use his automobile in obtaining repairs required at the pumping station and in attending supervisory meetings. For this use of his car he was paid mileage of 8 cents per mile. The evidence shows that on the day of the accident a train crew on a railroad paralleling the company's pipe line reported a leak in the pipe line west of the Alfalfa Center pumping station. The duty of patrolling the pipe line and making repairs when the same were needed was that of the connection foreman and a crew working under him. There is no evidence in the record, written or oral, that it was a duty of the defendant Fields. It is not shown that mileage was paid for the use of his car for any such purpose. It is true that in case of major breaks in the pipe line it was the duty of the chief station engineer to close down the pumping station over which he had control. On the day in question the connection foreman and his crew were walking the pipe line in an attempt to find the reported leak before the report came to the attention of Fields. On his own initiative he took his car and traveled west. He was turning south towards the pipe line when the accident happened.

The burden of proof was upon the plaintiff to prove that Fields was acting within the scope of his employment at the time of the accident. Riesland v. Dawson County Irr. Co., 134 Neb. 773, 279 N. W. 726. A corporation is liable for the negligent operation of an automobile by its agent or servant only when such agent or

servant is engaged in the employer's or principal's business with his knowledge and direction. Simcho v. Omaha & C. B. St. Ry. Co., 150 Neb. 634, 35 N. W. 2d 501. It was not enough to show only that Fields was in the employ of the Service Pipe Line Company. An employee is within the scope of his employment only if his acts are of the same general nature as that authorized, or incidental thereto. See Restatement, Agency, §§ 228, 229, pp. 505, 507. In Rose v. Gisi, 139 Neb. 593, 298 N. W. 333, we quoted the following with approval from Stone v. Commonwealth Coal Co., 259 Mass. 360, 156 N. E. 737: " 'It is not enough, in order to establish liability, to show that the master has an interest in what is being done. It must also be made to appear that the servant whose act is in question has authority from the master to perform the class of service to which the act belongs. If the act is within the class, the master is bound although the servant is forbidden to perform the particular act. * * * Driving motor trucks upon the roads was not within the class of work for which McDonnell was hired. His general employment did not confer the authority, and no special authority is shown to have been given.' "

In the present case Fields was the owner of the automobile he was driving. He was employed as chief station engineer at the Alfalfa Center pumping station. His work was generally confined to that station. It is not shown that it was his duty to walk pipe lines, make repairs thereon, or to search for breaks in the pipe line. These were the assigned duties of the connection foreman and his crew, over whom Fields had no supervision. Fields did have authority to use his automobile in the company's business for certain purposes, but the checking of pipe lines for breaks was not one of them. At the time of the accident he was not engaged in the general class of work he was authorized to perform, nor was it incidental thereto. It had not been generally performed by him previously, nor by others having simi-

lar positions with the company. The work at the pumping station was assigned to one group of employees, while that of walking and repairing pipe lines was assigned to an entirely separate group. The conduct of Fields at and immediately before the accident cannot be fairly and reasonably regarded as a part of or incidental to the work specifically directed, or that usually done in connection with his work. We hold that the conduct of Fields was outside the class of service for which he was employed and, no special instructions or directions being shown to authorize it, the pipe line company is not liable for his negligence. The trial court therefore correctly dismissed the action as to the Service Pipe Line Company.

The plaintiff complains of the action of the court in giving an instruction on comparative negligence. The plaintiff being a guest, the negligence of the driver, if any, was not imputable to her, and there being no evidence of contributory negligence on the part of the plaintiff sufficient to take that issue to the jury, the court was in error in instructing on comparative negligence.

For the reasons stated, the judgment is reversed and the cause is remanded for a new trial as to the defendant Fields.

AFFIRMED IN PART, AND IN PART
REVERSED AND REMANDED.