PHELPS COUNTY FARMERS' MUTUAL INSURANCE COMPANY
v. EZEKIEL JOHNSTON.

FILED DECEMBER 3, 1902. No. 12,759.

Commissioner's opinion, Department No. 2.

1. **Law of the Case:** FINDING OF FACT BY COURT. The rule of the "law of the case," does not apply to question of fact determined by this court between the same litigants in the same cause of action, when there is a material and substantial change in the testimony reviewed at the different hearings.

2. **Mutual Insurance:** SUSPENSION FOR WANT OF PAYMENT: RECEIPT OF SUBSEQUENT ASSESSMENT. "Where all the property covered by a policy of a mutual fire-insurance company is not destroyed, the receipt of subsequent assessments by the company, from a member who has sustained a loss while his policy was suspended for default in the payment of assessments, will not operate as a waiver of such default." *Farmers' Mutual Ins. Co. v. Kinney*, 64 Nebr., 808, followed.

3. ———: SECRETARY: AUTHORITY. Where the secretary of a mutual fire-insurance company is authorized to make assessments for the payment of losses sustained by such company, the fact that he calls to his counsel the board of directors and acts on their advice in making the assessment before doing so, will not invalidate his act.

4. **Mutual Insurance Company:** BY-LAWS. Where the by-laws of a mutual fire-insurance company provide for the payment of assessments by the members not less than twenty nor more than forty days after the receipt of notice, and a notice is received containing the amount of the loss, the amount of the assessment, and requesting the member to pay "at his earliest convenience," such notice at most would extend the time of payment to but forty days from the receipt thereof, and is not so defective on account of this informality as to invalidate the assessment.

ERROR from the district court for Phelps county. Action on policy of fire insurance. Nisi-prius judge directed a verdict for plaintiff and entered judgment thereon. Tried below before ADAMS, J. *Reversed.*

*John M. Stewart, Thomas C. Munger, Andrew J. Shafer* and *Hector M. Sinclair,* for plaintiff in error.

*James I. Rhea (John L. McPheely,* on motion for rehearing), *contra.*

OLDHAM, C.

This case was before us at a former sitting on a petition in error filed by the plaintiff in the court below, and the cause was reversed and remanded because of the action of the trial court in directing a verdict for the defendant insurance company. See *Johnston v. Phelps County Farmers' Mutual Ins. Co.,* 63 Nebr., 21. At a subsequent trial in the district court a verdict was directed for plaintiff, and the defendant insurance company now brings error to this court. By reference to the former opinion, it will be noted that the case then presented rested on the proposition that all the property covered by plaintiff's policy of insurance had been destroyed, and that plaintiff had paid and defendant received the delinquent and subsequent assessments after the fire, and that no property remained to which the policy, if renewed, could attach. Under this theory of the case the rule was announced that "where all the property covered by the policy is destroyed by fire while the policy-holder is delinquent, so that nothing remains to which renewal of the insurance might attach, receipt of the amount of subsequent assessments levied after the loss, in addition to the assessment levied prior to and delinquent at the time of the loss, with knowledge of the facts, is inconsistent with reliance upon the forfeiture and is a waiver thereof." At the second trial of the cause in the court below the defendant insurance company, for the purpose of complying with the rule announced in this case at the first hearing, introduced evidence tending to show that plaintiff's policy of insurance covered a large amount of property which was not destroyed, and that the company accepted the delinquent assessments from

plaintiff with a full understanding that such payment was not taken as a waiver of the conditions of his policy which suspended its enforcement at the time of the fire, but was only taken for the purpose of reviving the policy on the property not destroyed, and that the subsequent assessments were accepted from plaintiff with the same understanding.

The defendant insurance company contends that in the light of this new evidence the case falls within the rule recently announced in *Farmers' Mutual Ins. Co. v. Kinney*, 64 Nebr., 808, in which we held that "where all the property covered by a policy of a mutual fire-insurance company is not destroyed, the receipt of subsequent assessments by the company, from a member who has sustained a loss while his policy was suspended for default in the payment of assessments, will not operate as a waiver of such default." On the other hand, it is contended by plaintiff Johnston that our former holding in this case, that under the evidence then presented the acceptance of the subsequent assessments from plaintiff by defendant company amount to a waiver of his default in not paying his first assessment, has now become the "law of the case" and is binding on these parties, and that we should not recede from it. This evidently was the view taken by the learned trial court at the last hearing of this case, and probably guided his action in directing a verdict for plaintiff. While this court in a long line of decisions has adhered tenaciously to the rule of the "law of the case," it has confined this rule to questions of law determined between the same parties at former hearings in this court, but has never extended it to questions of fact, except when essentially the same questions were presented for a second review. It was said by HOLCOMB, J., in *Missouri P. R. Co. v. Fox*, 60 Nebr., 531, 538: "The evidence in different cases, and in different trials of the same case, may, and often does, differ in many essential particulars. It may shift and change as the current of a stream in a bed of sand. Not only may changes occur by reason of newly-

discovered evidence, new witnesses whose testimony may supply a missing link, but often those having the management of a case turn the current of evidence in one direction at one time, and in an entirely new channel at another. If the evidence is the same, or substantially so, and made to thus appear, doubtless the rule would apply." To the same effect is the holding in *State v. Board of County Commissioners of Cass County*, 60 Nebr., 566.

From what has been said, it follows that we are now called upon to review this case in the light of a materially changed condition of testimony, to which the rule of the "law of the case" does not apply. At the former hearing we held that if all the property covered by plaintiff's policy of insurance was destroyed by the fire and no property remained under the protection of the policy of insurance, the acceptance of subsequent assessments by the company was inconsistent with any other theory than a waiver of the forfeiture. We think the former opinion was right and still adhere to it, but we are now confronted with a statement of facts which unmistakably shows that all the property covered by the policy of insurance was not destroyed by the fire, and this changed condition of the evidence, in our judgment, takes the case out of the rule of *Johnston v. Phelps County Farmers' Mutual Ins. Co., supra,* and places it clearly within the rule announced in *Farmers' Mutual Ins. Co. v. Kinney, supra*. It is urged, however, that in any view of the case the court was justified in directing a verdict for plaintiff, because the assessment on which plaintiff was delinquent at the time of the fire was made without proper authority, and no proper notice had been given plaintiff of such assessment. The delinquent assessment was the first assessment ever made by this company after its organization, and it appears from the record that four of the six directors of the company met after a loss had been sustained and ordered an assessment of one mill on each of the policy-holders of the company, and that the secretary of the company thereupon made the assessment and served

44

written notice on each of the policy-holders of the company containing a notice of the amount of the loss, the amount of the assessment, and requesting each to pay "at his earliest convenience." It is contended, first, that the board of directors were not authorized by any by-law of the company to make the assessment; that the statute provides that the assessment shall be made by the secretary; and that in the absence of a by-law, the board of directors, when the assessment was made to pay a loss, had no authority to act. Without determining the merit of this question, we are unable to see how the want of authority on the part of the board of directors to make this assessment could invalidate it when it was actually made by the secretary of the company. If the secretary was authorized to make the assessment, the fact that he counseled with or was directed by those not authorized to act did not and could not invalidate his action.

The formal defect in the notice which requested the payment of the assessment by plaintiff "at his earliest convenience" is urged as a fatal defect. The by-law of the company as to notice provided as follows: "It shall be the duty of the secretary, whenever such assessment shall have been made, to immediately notify every person composing such company, personally, or by letter, sent to his usual post-office address of the amount of such loss and the sum due from him as his share thereof, and of the time and to whom such payment is to be made, but such time shall not be less than twenty (20), nor more than forty (40) days from the date of such notice." This by-law entered into and became a part of plaintiff's contract with the company, and limited at most his "earliest convenience" to forty days from the time that he received the notice. Again, it appears that after receiving the notice plaintiff went to the secretary of defendant company and promised that he would pay the loss as soon as he could. The record also shows that later another secretary was elected of defendant company, and that he notified plaintiff personally that he was in arrears and must pay his

assessment, and that plaintiff conversed with him about the matter and told him he was hard up, but would either pay to him, the secretary, or to the treasurer of the company within a short time. The evidence undisputably shows that plaintiff made no effort to pay this loss at all until about sixteen months after the first notice he received and not until nearly thirty days after his own fire had occurred. We think, in view of this, plaintiff is not in a position to complain of the informality of the first notice which he received of his assessment, nor do we think the by-laws contemplated a high degree of· formality in the service of these notices, since they only required the secretary to notify the member either "personally, or by letter," and plaintiff appears to have been notified in each manner long before his loss.

It is therefore recommended that the judgment of the district court be reversed and the cause remanded.

BARNES and POUND, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.