EZEKIEL JOHNSTON V. PHELPS COUNTY FARMERS MUTUAL INSURANCE COMPANY.

FILED JANUARY 5, 1905. No. 13,652.

Review. Action of the trial court in the exclusion of evidence examined, and *held* not reversible error.

ERROR to the district court for Phelps county: ED L. ADAMS, JUDGE. *Affirmed.*

*James I. Rhea, R. T. Potter* and *J. L. McPheeley,* for plaintiff in error.

*Shaffer & Clay* and *John M. Stewart, contra.*

OLDHAM, C.

This is an action on a policy of insurance against fire issued by the Phelps County Farmers Mutual Insurance Company, on the property of plaintiff on December 31, 1892. The cause comes here a third time for review by this court. The first opinion was rendered on November 20, 1901, by POUND, C., and is reported in 63 Neb. 21.

All the issues arising on the pleadings and the evidence adduced at the first trial of the cause in the district court are carefully reviewed in this opinion, and, because the district court at the first hearing had directed a verdict for defendant insurance company, when the evidence tended to show that all the property covered by plaintiff's policy had been destroyed by the fire, we held that the acceptance of assessments from plaintiff after his loss were inconsistent with any other theory than that of a waiver of plaintiff's default in paying assessment numbered one, of which he had notice long prior to the loss.

At the second trial of the cause in the district court, the defendant insurance company adduced evidence showing conclusively that all the property covered by plaintiff's policy of insurance was not destroyed by the fire, and that he had paid his subsequent assessments and the one of which he was in arrears at the time of the fire, with full knowledge that the company insisted on the forfeiture of the policy for the time that he was in arrears; and this being a right reserved in the policy, we held on a second hearing in this court, in an opinion reported in 66 Neb. 590, that it was error under this proof to direct a verdict in favor of plaintiff, although there was no dispute as to the amount of the loss sustained. On a third trial of the cause, under evidence substantially the same as that contained in the record at the second hearing of the cause in this court, the trial judge directed a verdict for defendant, and plaintiff again brings error to this court.

Now, before considering plaintiff's numerous allegations of error, it is well to take a retrospective view of this cause in the light of our former decisions, and determine what, if any, questions now arising have already been determined in such a manner as to be controlled by the rule of "the law of the case." At the first hearing it was determined that, if all plaintiff's property covered by the policy was destroyed by the fire, the acceptance of subsequent assessments by the company amounted to a waiver of his default in the payment of his first assessment. At

the second review in this court it was held that the first assessment on which plaintiff was in default at the time of his fire had been legally and properly made, and that plaintiff had had sufficient notice of this assessment, and that under the by-laws and the conditions of his policy the company was not liable unless this default had been waived. We, also held that under the evidence then adduced there was property remaining on plaintiff's farm after the fire, to which the policy attached, sufficient to constitute a consideration for his payments of subsequent assessments. Now, unless new evidence was introduced at the third trial sufficient to overcome defendant's proof that the property covered by its policy was not all destroyed by the fire, the trial court plainly followed the opinion last rendered in directing a verdict for defendant. As before set forth, the evidence admitted at the last trial was substantially the same as that contained in the bill of exceptions of the second trial, and, consequently, unless the court erred in excluding the additional testimony offered by plaintiff, his judgment is right and should be affirmed.

To reach a proper conclusion on the action of the trial court in excluding the new evidence offered by plaintiff at the last hearing, it is necessary to examine the description of the property insured under the policy and application. These conditions are as follows:

"The application provides: 'Horses, mules, colts, cattle, wagons, buggies and harness insured on the premises and also when temporarily removed from the premises.' The policy provides as follows: 'The above named company agrees to insure Ezekiel Johnston * * * against loss or damage by fire or lightning to the amount of $2,165 on the following described property for the term of five years from noon on Dec. 31, 1892. * * * On farm implements and machinery, $200; on wagons, buggies and harness, $100; on grain in granary, crib or dwelling, $1,000; on hay, $200; situated on sec. 27, twp. 5, range 18, Phelps county, Neb.'"

At the last as at the second hearing of this cause it was conclusively shown that after the fire plaintiff had left on the premises numerous farming implements and a quantity of grain in one of the granaries, which was not destroyed by the fire, and that he moved another barn on the premises in which he kept farming implements, grain, harness and other property of the kind and quality covered by his policy. For the purpose of rebutting this testimony, plaintiff offered to prove by his own evidence that, when he took out his policy of insurance with the defendant company, he had insurance in another company on the grain in the granary which was not burned; and that he only intended to insure the grain which was contained in the granary and barn that were destroyed by the fire. He also offered to prove that there was no danger of destruction by fire and lightning on the wagons and farm implements not contained in the barn or granary. He likewise offered to prove by the secretary of defendant company that, when the policy was taken, this witness was present and only inspected the grain and farm implements that were contained in the barn and granary that were destroyed by the fire. Now, by an examination of the conditions of the policy it is apparent that the insurance on farm implements and machinery, wagons, buggies, harness and hay, was not conditioned upon either being contained in any building, and that the insurance on grain attached to all that was contained in any granary, crib, or dwelling situated on the premises described in the policy. The policy was what is commonly called a blanket policy, not intended to apply specifically to any particular number of bushels of grain that might have been in any particular granary at the time the policy was written, but to continue on this class of property, even though replaced by other of a similar specie, during the entire term of the policy. In the case of *State Ins. Co. v. Schreck*, 27 Neb. 527, the court in construing a similar policy said: "Under the plain sense of the policy, had the property been replaced by other of the same kind and species, there could be

no doubt of plaintiff's liability in case of loss." In this view of the case, we do not think that the admission of the testimony excluded could have changed the result in any manner, as grain raised any year on the place and placed in any granary, crib or house on the premises would have been and was protected by this policy the same as that contained in one particular crib at the time the policy was written. There was no complaint in the petition that the policy did not conform to the contract between plaintiff and defendant. Consequently, the evidence could not have been admitted for the purpose of changing the unambiguous conditions of the policy sued upon. We are therefore of opinion that the learned trial court was justified in directing a verdict for defendant, and we recommend that the judgment of the trial court be affirmed.

AMES and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.