State, ex rel. Davis, v. American State Bank.

---

STATE, EX REL. CLARENCE A. DAVIS, ATTORNEY GENERAL, APPELLEE, V. AMERICAN STATE BANK ET AL., APPELLEES: BANKERS AUTOMOBILE INSURANCE COMPANY, CLAIMANT, APPELLANT.

FILED DECEMBER 1, 1926.   No. 24817.

1.  Appeal in Equity: PROCEDURE ON REMAND. "Where, in an equitable action, the decree of the trial court is reversed, and the case remanded generally, the situation of the parties is the same as at the beginning of the trial, and, in the exercise of a sound discretion vested in the trial court, amendments of the pleadings may be made, not inconsistent with the opinion of the appellate court, and a trial of all the issues had *de novo*." *Miller v. Ruzicka*, 111 Neb. 815.

2.  Judgment: LAW OF THE CASE. "The rule of the 'law of the case' does not apply to questions of fact determined by this court between the same litigants in the same cause of action, when there is a material and substantial change in the testimony reviewed at the different hearings." *Phelps County Farmers Mutual Ins. Co. v. Johnston*, 66 Neb. 590.

3.  Evidence examined, and *held* to support the judgment and decree of the district court.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed*.

*Marcus L. Poteet* and *Sterling F. Mutz*, for appellant.

*O. S. Spillman, Attorney General, Claude S. Wilson, C. M. Skiles* and *Albert S. Johnston, contra*.

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

82 ·NEBRASKA REPORTS. [Vol. 115

State, ex rel. Davis, v. American State Bank.

EBERLY, J.

This is the second appearance of this case in this court. Our former opinion is reported in 112 Neb. 182, to which reference is made for a history of the litigation then had in this court. In our former opinion the judgment of the district court was reversed and the cause remanded. The journal of this court also discloses that the reversal was not, by its terms, limited in its effect to so much of the judgment of the district court appealed from as denied to claimant the benefits of the guaranty fund law.

The claim of the Bankers Automobile Insurance Company (hereafter referred to as insurance company) was based upon a certificate of deposit, dated June 18, 1921, for $13,-000, issued by the American State Bank. Dwiggins, then managing officer of the bank, and, at the same time, secretary of the insurance company, acted in behalf of the bank, and the transaction was with one Charles Maixner, then president of the insurance company. Upon retrial of this case, after reversal by this court, the district court permitted amendments to be made by the receiver of the bank to the "objections to allowance" upon which the case was first tried. These amendments were based upon certain facts discovered since the prior trial. The district court also overruled the motion of the insurance company for judgment on the mandate.

After the introduction of further and additional evidence, not found in the record of the first appeal, the district court found, first, generally in favor of the receiver of the bank; second, that the original certificates, of which the one in suit was, in part, a renewal, had been issued fraudulently; that these certificates did not represent a deposit of money or its equivalent; that certain notes were left by Maixner, at the time of the original transaction, with the bank for collection; that while these notes were there a certificate of deposit was issued for Maixner's accommodation, only until such notes had been collected. The court further found that all but three of the notes had been,

VOL. 115]    SEPTEMBER TERM, 1926.    83

State, ex rel. Davis, v. American State Bank.

in fact, collected. But the court found that, at the time of the original transaction, the notes uncollected had been fraudulently included in the amount of $8,158 which was in excess of their value at the time of the transaction. The court further found that the three original notes still uncollected, which had been tendered into court for the use of the plaintiff, were the property of the insurance company, and that, deducting the amount thereof from the face of the certificates, there remained the sum of $5,078.82 which represented funds in the hands of the receiver to which the claimant was entitled. And said sum was further adjudged payable from the state guaranty fund of the state of Nebraska.

The claimant below, appellant here, insists that the court erred in permitting the amended objections to be filed; that the issues presented by the amended objections have been adjudicated by the decision in supreme court; that the pleadings were insufficient in form; and that the judgment of the court is not sustained by the evidence in the record.

In view of the fact that the judgment had been reversed as an entirety and generally, and the case sent back for retrial, the action of the district court was proper.

"Where, in an equitable action, the decree of the trial court is reversed, and the case remanded generally, the situation of the parties is the same as at the beginning of the trial, and, in the exercise of a sound discretion vested in the trial court, amendments of the pleadings may be made, not inconsistent with the opinion of the appellate court, and a trial of all the issues had *de novo*." *Miller v. Ruzicka,* 111 Neb. 815. See, also, *Pinkham v. Pinkham,* 60 Neb. 600; *Badger Lumber Co. v. Holmes,* 55 Neb. 473; *Troup v. Horbach,* 57 Neb. 644.

If further appearing from the record that new issues of fact are raised in the present case which were not presented in the former adjudication, and the evidence in the record tends to support the new allegations of fact, the

situation presented is one in which the doctrine of *res judicata* or "law of the case" has no application.

"The rule of the 'law of the case' does not apply to questions of fact determined by this court between the same litigants in the same cause of action, when there is a material and substantial change in the testimony reviewed at the different hearings." *Phelps County Farmers Mutual Ins. Co. v. Johnston,* 66 Neb. 590. See *Missouri P. R. Co. v. Fox,* 60 Neb. 531.

While the evidence now in the record is conflicting yet considered as a whole, in connection with the facts and circumstances surrounding the transaction, it fairly sustains the conclusion stated by the district court and the judgment rendered in this case, in so far as the judgment of the district court is complained of by the appellant here. As to the judgment of $5,078.82 rendered against the state guaranty fund of the state of Nebraska, the defendant below is not complaining here, so that matter merits no consideration at our hands.

The judgment of the district court is

AFFIRMED.