GLADYS CARNES, APPELLEE, V. PAUL DEKLOTZ, APPELLANT.

291 N. W. 490

FILED MARCH 29, 1940. No. 30757.

*O. B. Clark,* for appellant.

*Chambers, Holland & Locke* and *T. J. Kiesselbach, contra.*

Heard before SIMMONS, C. J., ROSE, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

CARTER, J.

This is an action to recover damages for injuries sustained in an automobile collision. From a verdict and judgment for plaintiff for $1,550 the defendant appeals.

The evidence shows that the plaintiff was driving north into the village of Cortland, Nebraska, on highway No. 77, when her automobile collided with that of the defendant

approaching from the north. The accident occurred at the intersection of highway No. 77 with the main street of Cortland. Plaintiff testifies that she intended to turn west into the village, but says she has no recollection as to what happened and is unable to reconstruct the accident because of the injuries which she received. Defendant says that he was driving south on the highway and as he approached the intersection he saw plaintiff's car coming down the highway straddling the center line. When he got within a hundred feet or so of her car, he testifies that plaintiff's car "drifted" over on his side of the highway and that he had no opportunity to avoid the accident. The evidence is quite definite to the effect that plaintiff's car was not traveling in excess of 20 miles per hour. The speed of defendant's car was estimated at various speeds ranging from 25 to 70 miles per hour.

The record further shows that the village of Cortland was engaged in the installation of new water mains and lines, and as a result the entrance to main street from the highway was barricaded, except for a fifteen-foot opening in the center of the street. There were numerous warning signs along the highway, including the red flags ordinarily used to indicate temporary dangers. There is evidence that some of the dirt from the ditching operations had been carried onto the highway pavement by the traffic passing over it which would affect the usual braking efficiency of a car on a paved street. The evidence shows that there were tire burns on the pavement for a distance of 80 feet north of the place of the impact made by defendant's car.

It is the contention of plaintiff that defendant was operating his car at a high and excessive rate of speed through the village of Cortland, and that he failed to have his car under proper control. It is also alleged that defendant had the means at hand to avoid the accident and negligently failed to do so. The defendant denies the allegations of the petition, and alleges that plaintiff negligently turned her car into the path of defendant's car, and that such act was the sole cause of the accident. It was upon these issues that

the cause was submitted to the jury, which resulted in a verdict for the plaintiff.

Defendant complains of error by the trial court in permitting one Douglas to give his opinion as to the speed of defendant's car. His testimony was to the effect that the brakes caused a high squeal which attracted his attention. As he turned around he observed the two cars coming together when only 20 feet apart. From this foundation he estimated the speed of defendant's car at 35 to 40 miles per hour. While the witness had no reasonable time, means, distance or opportunity to formulate a basis for an accurate opinion as to the speed of defendant's car, yet in describing what he saw as the cars came together would require a cursory estimate of speed even if no opportunity to accurately estimate it existed. The impression of the witness as to speed is ofttimes essential to a fair interpretation of his testimony. The vagueness of such an opinion must necessarily go to the weight of his evidence and not to its admissibility. In the final analysis it resolves itself into a question of the sufficiency of the evidence to sustain a verdict, rather than the competency of the witness to testify. There was much evidence in the record bearing upon the rate of speed at which defendant's car was being driven. If the only substantial evidence in the record were that of this witness, we would be inclined to a different view. But, with ample additional evidence in the record to sustain the verdict, we hold that the admission of the witness' cursory opinion as to speed was not error. We have examined the holding in *Bergendahl v. Rabeler,* 133 Neb. 699, 276 N. W. 673, and other cases cited, and we think they are in line with the disposition made in the present case. The applicable rule is: Where it appears that a witness had no reasonable time, means, distance or opportunity to formulate a basis for an opinion as to the speed of a car, the testimony of such witness is insufficient to sustain a finding of excessive speed in the absence of other corroboratory evidence on the subject.

Defendant contends that it was error for this trial court

to submit the issue formulated by the pleadings that plaintiff was operating her car in a careful and prudent manner and that defendant did not keep a proper lookout, for the reason that there was no evidence introduced on the subject. It is the rule, of course, that issues not sustained by competent evidence should not be submitted to the jury. But all the facts and circumstances existing immediately before and at the time of the accident were before the jury in the instant case. Clearly, such evidence is sufficient to warrant the trial court in submitting these issues to the jury even though there may have been no direct evidence offered. Such issues are often determinable only from the circumstances and conditions existing when the accident occurred. We think the court properly submitted these issues to the jury.

There is ample evidence in the record to sustain a finding that either or both of the parties were negligent. We do not deem it necessary to discuss at length the comparative negligence of the parties, in view of the fact that the last clear chance doctrine was invoked by the plaintiff. There is evidence in the record that plaintiff did drive her car onto the left-hand side of the highway and into the path of defendant's car. There is also evidence in the record from which the jury might find that defendant saw plaintiff's car in his path at a time when he could have avoided the accident in the exercise of ordinary care. If the defendant was traveling at the rate of 25 miles per hour, as he testified, the jury certainly had a reasonable basis for invoking the last clear chance doctrine. It is true that the evidence is conflicting, but it is such that the jury's finding thereon is final. The applicable rule is: "Although a party may have negligently exposed himself to an injury, yet, if the defendant after discovering his exposed situation negligently injures him, or is guilty of negligence in not discovering his dangerous position until too late, and the plaintiff is because thereof injured, he may nevertheless recover." *Omaha Street R. Co. v. Martin*, 48 Neb. 65, 66 N. W. 1007; *Wilfong v. Omaha & C. B. Street R. Co.*, 129 Neb. 600, 262 N. W. 537.

There being no error in the instructions, and the evidence being sufficient to sustain the verdict of the jury, the duty is imposed upon this court to affirm the judgment.

AFFIRMED.