HELEN PANKONIN, APPELLANT, v. LEONARD BOROWSKI ET AL., APPELLEES.

93 N. W. 2d 41

Filed November 21, 1958. No. 34445.

*Clinton & McNish,* for appellant.

*McGinley, Lane, Powers & McGinley,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, and BOSLAUGH, JJ.

BOSLAUGH, J.

Appellant was on August 6, 1955, at about 1 o'clock in the afternoon riding as a guest in a 4-door, 1953 Ford automobile operated by Cliff Holaway, herein called Holaway, traveling towards the west on Second Street in the city of Grant at a speed of 15 to 20 miles per

hour. Appellant was an occupant of the front seat of the automobile, sitting to the right of its operator. Leonard Borowski, described herein as appellee, was then traveling south on Washington Street in the city of Grant in a 1948 Ford pick-up truck. The streets intersected at right angles. There were no traffic controls at the intersection. Each of the streets was graveled. Second Street was 36 feet in width and Washington Street was 44 feet wide. There was no grade on either of the streets. It was a clear, dry day and there was no other traffic as the two vehicles described above approached and entered the intersection of the streets. Appellee claimed that the speed of his vehicle was at that time 15 to 20 miles per hour.

The automobile driven by Holaway as it approached the intersection was traveling near the center of Second Street with its left wheels near but north of the center of the street. He had to clear a truck which was parked on the north part of the street facing west near the east line of Washington Street. As the automobile in which appellant was riding approached and entered the intersection of the streets, Holaway, its operator, looked to the north and saw the vehicle driven by appellee to the north of the intersection a distance estimated by Holaway as probably 2 to 3 rods. He said the face of appellee was turned to the west and he appeared to be looking in that direction. Appellee drove the truck he was operating into the intersection and the front of it struck the automobile of Holaway in about the center of the right or north side of it. The contact of the vehicles occurred at about the center of the intersection. The skid marks made by the wheels of the truck commenced 12 feet north of the north line of Second Street and continued 15 feet south into the intersection. The total length of the skid marks was 27 feet and they ended about 2 feet north of the center of Second Street. Their course was somewhat towards the southwest. Holaway, when he concluded appellee was not going to stop, turned

his automobile to the left and attempted, without success, to avoid the vehicle of appellee. The Holaway automobile moved southwest and came to rest on the south part of Second Street west of the intersection. The truck, when it stopped, was facing to the southwest near the place of the collision. The right front door of the Holaway car was pushed in and damaged until it had to be pried from its position. The post between the doors was forced inward out of position and the back right door damaged and almost torn from the vehicle. Its use as a door was destroyed.

Appellant was looking forward of the automobile in which she was riding to the west as it approached and entered the intersection. She was near the center thereof when she first saw the truck driven by appellee. She estimated that it was then a distance from her of twice the length of an automobile. The truck had not yet reached the intersection but was then ready to enter it. The truck seemed to her to be directly to her right when she saw it. She gave Holaway no warning of its approach because the time intervening between when she first saw it and the collision of the vehicles was not sufficient to permit it.

The view to the east of a traveler approaching the intersection on Washington Street from the north and the view to the north of a traveler approaching the intersection from the east on Second Street were somewhat interfered with by a truck equipped with a grain box, the front of which was a few feet east of the east line of the intersection, and another truck, similarly equipped, parked on the east side of Washington Street the front of which was to the north and the rear of which was only a few feet north of the north line of the intersection. The lot at the northeast corner of the intersection was vacant except there were a few pieces of machinery on it. The surface of the lot was about 2 feet higher than the surface of the streets. The persons concerned in this litigation had traveled by or across

the intersection frequently. The foregoing includes in substance the proof of appellant of the facts concerning the collision of the vehicles.

Appellee admitted that before he came to the intersection he had a view of it and that he was unable to avoid a collision with the Holaway automobile. There was evidence that appellee at the scene of the collision told the officer who investigated the happening that appellee did not see the Holaway automobile until it was too late to avoid the collision.

The claim of appellant in this litigation was for damages caused her as a result of injuries suffered by her in the collision of the vehicles described above caused, as she charged, by the negligence of appellee. The substance of the answer of appellees was an admission that the truck involved in the collision was owned by them and was operated by Leonard Borowski at the time of the accident, a general denial, and a plea of contributory negligence of appellant which proximately caused the collision.

The trial of the case produced a verdict and judgment for appellees. A motion for a new trial was denied. Appellant complains of this action of the trial court.

The record exhibits a sharp conflict of evidence concerning material matters affecting this controversy. However, this is not a primary concern of this appeal. It is important that the evidence of appellant concerning negligence charged by her against appellee is sufficient to create a question of fact for the jury. Otherwise any error of the trial court would be unimportant.

Appellees contend that proof of appellant does not tend to show any negligence of appellees which in any degree contributed to the collision of the vehicles. Appellant produced evidence noticed above that the Holaway automobile traveling at a speed of 15 to 20 miles per hour entered the intersection when appellee was some considerable distance north of it; that when the Holaway automobile had nearly reached the center of

the intersection appellee was just entering it; and that the place of the contact of the truck with the Holaway automobile was about the middle of its right side. This, if accepted, would have sustained a finding that the Holaway automobile entered the intersection first and was proceeding at a lawful speed in which event it had the right-of-way. Long v. Whalen, 160 Neb. 813, 71 N. W. 2d 496; Fincham v. Mueller, 166 Neb. 376, 89 N. W. 2d 137. There was evidence that appellee had opportunity for a view of the intersection before he reached it and that he did not see the Holaway automobile until he was so near to it he could not avoid an accident. There was proof to sustain a finding that appellee could have seen the approaching automobile and that by slight care he could have prevented the accident. Appellee saw the Holaway automobile when he was more than 27 feet from the point of collision because he made skid marks for that distance. This was evidence appellee did not have or maintain a proper lookout, or that if he did he failed to see an approaching vehicle that was in plain sight, and that he did not have his vehicle under proper control. Even a traveler who has the right-of-way and is approaching an intersection may not on that account disregard the surrounding circumstances. He is not thereby relieved from the duty of exercising ordinary care to avoid an accident. A traveler in a like situation who does not have the right-of-way is not permitted to exercise less care and caution. Long v. Whalen, *supra.* The operator of a motor vehicle is required to have his vehicle under such reasonable control as to be able to avoid collision with another vehicle being operated with due care. Stanley v. Ebmeier, 166 Neb. 716, 90 N. W. 2d 290; Burhoop v. Brackhan, 164 Neb. 382, 82 N. W. 2d 557. There was evidence in this case tending to establish negligence of appellees as charged by appellant. If there is evidence which will sustain a finding for the litigant who has the burden of proof in a cause, the trial court may not disregard it

and decide the case as a matter of law. Long v. Whalen, *supra;* Stanley *v. Ebmeier,* supra.

Appellees, to support their contention in this regard, appeal to the rule that when testing the sufficiency of evidence to support a verdict, it must be viewed in the most favorable light for the successful party and he must have the benefit of all reasonable inferences therefrom. This well-established doctrine is not an important consideration in the disposition of this appeal. A successful litigant is entitled to have the benefit of the verdict he has won if it results from proper evidence and if the trial in which it was secured was free of prejudicial error. Anderson v. Nielsen, 162 Neb. 110, 75 N. W. 2d 372. The decisive problem in this case is the correctness or error of the trial court in charging the jury on the subjects of contributory and comparative negligence. This inquiry concerns the presence or absence of prejudicial error in the trial in which the verdict for appellees was secured. A guest riding in an automobile generally has a right to assume that the driver is a reasonably safe and careful operator. There is no duty for the guest to warn the driver until there is presented some fact or situation not usual or ordinary.

Kuska v. Nichols Construction Co., 154 Neb. 580, 48 N. W. 2d 682, declares: "The duty of a guest riding in an automobile is to use care in keeping a lookout commensurate with that of an ordinarily prudent person under like circumstances. The guest is not required to use the same degree of care as devolves upon the driver. If the guest perceives danger, or if at certain times and places should anticipate danger, he should warn the driver. Ordinarily, the guest need not watch the road or advise the driver in the management of the car. * * * It is the duty of an invited guest * * * with knowledge of approaching danger, to exercise ordinary care to warn the driver of the danger, unless to a reasonably careful, cautious, and prudent person it appears that the warning would be of no avail or go unheeded, or that the driver

observed or should have observed the danger, as well as the guest * * *." See, also, Erickson v. Morrison, 152 Neb. 133, 40 N. W. 2d 413; Bartek v. Glasers Provisions Co., 160 Neb. 794, 71 N. W. 2d 466; Burhoop v. Brackhan, *supra*.

Appellees attempt to justify the submission of the defense of contributory negligence of appellant because she did not warn Holaway that there was some interruption of view because of two trucks parked near the northeast corner of the intersection on which the collision occurred. One truck was on the north side of Second Street and the other on the east side of Washington Street, and there were a few pieces of machinery stored or parked on the vacant lot northeast of the intersection. It is usual for vehicles to be parked on streets and near intersections of streets and for objects to be placed on vacant lots adjacent to intersections. Neither of these is novel. The condition and danger, if there was any, were as apparent to Holaway as they were to appellant. The hazard, if any, was not unexpected but frequent and known to all persons traveling by motor vehicle. It was not such that a guest in the exercise of care would be expected to warn the host of imminence of danger. Under the circumstances of this case there was no proof of contributory negligence of appellant and that defense pleaded by appellees should not have been submitted to the jury by the trial court. The error in this respect is prejudicial. Driekosen v. Black, Sivalls & Bryson, 158 Neb. 531, 64 N. W. 2d 88; Scott v. Service Pipe Line Co., 159 Neb. 36, 65 N. W. 2d 219; Fick v. Herman, 159 Neb. 758, 68 N. W. 2d 622. It follows from what has been said that it was likewise prejudicial error under the circumstances of this case for the court to instruct the jury on the subject of comparative negligence. The charge of a trial court to a jury should omit any issue made by the pleadings which is not supported by evidence and any law not applicable to the cause.

The judgment should be and it is reversed and the cause is remanded for further proceedings, according to law.

REVERSED AND REMANDED.

WENKE, J., participating on briefs.