JOSEPH BEZDEK, APPELLANT, V. KENNETH PATRICK, APPELLEE.

103 N. W. 2d 318

Filed June 3, 1960. No. 34702.

*Martin A. Cannon* and *Mathews, Kelley & Stone,* for appellant.

*Crawford, Garvey, Comstock & Nye,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is the second appearance of this cause in this court. See Bezdek v. Patrick, 167 Neb. 754, 94 N. W. 2d 482. Therein we vacated a verdict in favor of defendant Kenneth Patrick, reversed a judgment entered thereon, and remanded the cause generally for retrial.

Plaintiff Joseph Bezdek's cause of action was again tried and submitted to a jury, which brought in a verdict for defendant on which judgment was entered. Plaintiff filed a motion for new trial and has perfected this appeal from the overruling thereof.

We shall not again set out the basic facts upon which appellant's cause of action is premised for they are fully and correctly set out in our first opinion. Appellant contends that he was not given the benefit of our holding in that opinion to the effect that appellee, in certain respects, was guilty of negligence as a matter of law. In our first opinion we held that appellee was guilty of negligence as a matter of law in that he did not maintain a proper lookout and in that he did not have his truck under control. On the second trial the trial court did not so inform the jury but submitted the matter of these two issues to the jury as a fact question. The principles applicable to this contention are as follows:

"It is a fundamental principle of jurisprudence that material facts or questions which were in issue in a former action, and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and that such facts or questions become res judicata and may not again be litigated in a subsequent action." Callahan v. Prewitt, on rehearing, 143 Neb. 793, 13 N. W. 2d 660. See, also, Benedict v. Eppley Hotel Co., 161 Neb. 280, 73 N. W. 2d 228.

"The rule that the findings of this court on a first appeal become the law of the case on a retrial of the same issues is not available where on the second trial the facts are materially and substantially different." Callahan v. Prewitt, *supra*. See, also, State ex rel. Davis v. American State Bank, 115 Neb. 81, 211 N. W. 201; Phelps County Farmers' Mutual Ins. Co. v. Johnston, 66 Neb. 590, 92 N. W. 576.

"Where on appeal findings of fact are made which become the law of the case and there is a remand for

a new trial, on such retrial, such findings are binding on the parties, the trial court and this court, unless on the retrial the facts relating to the issues upon which the findings were made are materially and substantially different from those adduced on the former trial, and the burden of showing a difference shall rest upon the party making the claim." Callahan v. Prewitt, *supra*. See, also, Benedict v. Eppley Hotel Co., *supra*.

"The determination of the question of whether or not the evidence on a retrial is different from that adduced on an earlier trial is one for the court and not for the jury." Callahan v. Prewitt, *supra*. See, also, Benedict v. Eppley Hotel Co., *supra*.

Appellee did not show the facts relating to these issues, upon which our findings were made, were materially and substantially different at the second trial from those adduced on the first trial. In fact, he made no showing as to what they were on the first trial. In view thereof our previous findings in regard thereto were binding on appellee, the trial court on the second trial, and upon us on this appeal. Not only was the appellee guilty of negligence in these two respects, which are specifications of negligence (a) and (b) as found in the trial court's instruction No. 2, but the evidence establishes that such conduct was, as a matter of law, a proximate cause of the accident in which appellant was injured. Appellant was entitled to have the jury so informed and it was prejudicial error on the part of the trial court not to do so.

In the original action appellee pleaded contributory negligence as a defense but did not set out any specifications of negligence on the part of appellant relating thereto but did in connection with a counterclaim, which was withdrawn at the second trial. Upon remand appellee was granted leave to amend his answer by setting out numerous specifications of negligence under his defense of contributory negligence and by its instruction No. 3 the trial court submitted 11 of these to

the jury. It is of course true that when, upon remand, new issues of fact are properly raised which were not present in the former adjudication and there is sufficient competent evidence adduced to support such new allegations of fact to make them a jury question, the doctrine of the law of the case has no application thereto. State ex rel. Davis v. American State Bank, *supra.*

But in the former adjudication certain issues as to appellant's conduct being negligent were raised and we determined, in regard thereto, that there was no evidence of any absence of control by appellant of his automobile that could in any way have been considered negligence or that could be considered as having contributed to the collision; that the charge of negligence of appellant consisting of absence of control by him of his automobile should not have been submitted to the jury; that the charge that appellant failed to have and maintain a proper lookout was unfounded; that there was no evidence to support or justify the charge that appellant failed to apply his brakes; and that there was no fault shown on the part of appellant which caused his inability to engage the second gear of his automobile. In view of the record we think the law of the case is applicable to the foregoing for the same reasons as have been hereinbefore set forth. Consequently the trial court should not have submitted specifications of negligence numbered 2, 9, and 10, as found in its instruction No. 3, and it was error for the trial court to do so.

In our first opinion we said appellee pleaded contributory negligence and that this issue should, under the record as made, be submitted to the jury as a factual matter for its determination upon proper instructions. As stated in Pankonin v. Borowski, 167 Neb. 382, 93 N. W. 2d 41: "If there is evidence which will sustain a finding for the litigant who has the burden of proof in a cause, the trial court may not disregard it and decide the case as a matter of law."

From the evidence adduced a jury could find that

appellant approached the intersection of Sixtieth and L Streets from the north on Sixtieth Street; that he stopped his car on the west half, or the lane for southbound traffic, of the surfaced area of Sixtieth Street just to the north of a stop sign; that the stop sign was located just to the west of the surfaced area of Sixtieth Street and east of a filling station located to the northwest of the intersection; that the south side of this filling station was 34 feet north of the surfaced area of L Street west of the intersection, which surfaced area was 20 feet wide; that when he stopped his car appellant's view to the west on L Street was partially blocked by the filling station; that he looked to the west as far as he could, which was some 100 to 150 feet, but did not see any vehicle approaching on L Street from the west; that appellant then put his car in low gear and proceeded forward very slowly, continuing to look to the west; that when his car had gone forward far enough that he could see to the west as far as Seventy-second Street he saw appellee's truck approaching from that direction at a point which appellant describes as a low spot on L Street, which low spot his estimates placed at various distances west of Sixtieth Street; that the truck was traveling east in the south lane of L Street, which was for eastbound traffic; that appellant continued toward the intersection at from 2 to 7 miles an hour, watching the appellee's truck while doing so; that appellant tried to get his car into second gear, it having a mechanical hand gear shift, but was not successful in doing so; that while he was trying to shift gears his car almost came to a stop; that he got it back into low gear and continued to proceed on into the intersection; that he continued at all times to watch appellee's truck, which he estimated was coming at 60 miles an hour; that the truck was not slowing down; that the truck was not changing its course; that he thought there was a stop sign on L Street west of the intersection which would cause appellee to stop his truck; that he stepped

on the gas to speed up his car but was not able to increase its speed because he had his foot on the clutch pedal; that he did not blow his horn; that he proceeded on into the intersection at from 2 to 7 miles an hour and possibly got up to 10 miles an hour before being hit; and that the right front side of his car was hit by the left front of the truck at a point 7 feet 5 inches south of the center line of L Street and 3 feet 3 inches west of the center line of Sixtieth Street.

"A driver of a vehicle about to enter a highway protected by stop signs must stop as directed, look in both directions and permit all vehicles to pass which are at such a distance and traveling at such a speed that it would be obviously dangerous for him to proceed across the intersection." Meyer v. Hartford Bros. Gravel Co., 144 Neb. 808, 14 N. W. 2d 660.

In view of the foregoing we think appellant's conduct presented a question for the jury under the following principle: "Where the driver of a car approaching a through street or highway stops and looks and sees an approaching vehicle on the favored street or highway but erroneously judges its speed or distance or for some other reason assumes he can proceed with safety and not have a collision, the question of whether or not his conduct in doing so makes him guilty of contributory negligence is usually one for the jury." Borcherding v. Eklund, 156 Neb. 196, 55 N. W. 2d 643. See, also, Bezdek v. Patrick, 167 Neb. 754, 94 N. W. 2d 482; Bezdek v. Patrick, 164 Neb. 398, 82 N. W. 2d 583; Whitaker v. Keogh, 144 Neb. 790, 14 N. W. 2d 596.

In view of the foregoing statement of facts and principles applicable thereto specifications of contributory negligence Nos. 3, 4, 5, and 8, as set out in the court's instruction No. 3, were properly for submission to the jury. Specifications Nos. 7 and 11, submitted by the court in its instruction No. 3, merely relate to evidentiary facts involved in the issues properly submitted and should not have been separately submitted as

specifications of negligence. Specification No. 6 of instruction No. 3 is too general in its scope and should not have been given. It would permit the jury to consider any fact it might desire on the issue of contributory negligence.

As we said in Bezdek v. Patrick, 167 Neb. 754, 94 N. W. 2d 482: "In the trial of an action concerning a collision of a truck and an automobile on an intersection of a favored street and a nonfavored street which involves issues of negligence and contributory negligence, the jury should be fully and precisely instructed as to relative and reciprocal rights and duties of the operators of the motor vehicles in entering and using the intersection." These rights and duties may be found set out in Bezdek v. Patrick, 167 Neb. 754, 94 N. W. 2d 482; Paddack v. Patrick, 163 Neb. 355, 79 N. W. 2d 701; Simcho v. Omaha & C. B. St. Ry. Co., 150 Neb. 634, 35 N. W. 2d 501; McCulley v. Anderson, 119 Neb. 105, 227 N. W. 321.

Specification No. 1 of the court's instruction No. 3 submitted the issue of appellant's "Failure to yield the right of way." As we said in Pankonin v. Borowski, *supra:* "A motor vehicle which has entered an intersection or is passing through it at a lawful speed has the right-of-way over a motor vehicle approaching the intersection from a different direction into the path of the first vehicle." There is no evidence to support this specification of contributory negligence and the trial court was in error in submitting it as an issue.

The appellant is entitled to a directed verdict against appellee, insofar as appellee's liability is concerned, and the only question for the jury is, was the appellant damaged and, if so, how much. However the latter, under the evidence adduced and hereinbefore set forth, is subject to the defense of contributory negligence. See, § 25-1151, R. R. S. 1943; Blanchard v. Lawson, 148 Neb. 299, 27 N. W. 2d 217; Bezdek v. Patrick, 167 Neb. 754, 94 N. W. 2d 482. As stated in Bezdek

v. Patrick, 167 Neb. 754, 94 N. W. 2d 482: " "* * * under the comparative negligence statute, section 25-1151, R. S. 1943, even if it could be said that defendant was guilty of negligence as a matter of law, * * * and it could be found that plaintiff was guilty of only slight negligence, the question whether or not defendant's negligence was gross in comparison therewith would still be a factual one for determination by the jury.' " In order to properly consider this defense and make the comparison thereunder, which it is the jury's duty to make in case it finds appellant was guilty of contributory negligence, the jury should not only be advised of what negligence the appellee is guilty of as a matter of law but should, under proper instructions, be permitted to determine, as a matter of fact, whether or not appellee has been guilty of any other specification of negligence claimed by appellant and which finds support in the evidence. These would, under the record before us, include specifications Nos. (c), (d), (e), and (f), as contained in the court's instruction No. 2.

Appellant complains of the fact that the trial court sustained appellee's motion to strike from his amended petition his allegation setting up the last clear chance doctrine. The doctrine of the last clear chance is stated in Carnes v. DeKlotz, 137 Neb. 787, 291 N. W. 490, as follows: "Although a person may have negligently exposed himself or his property to an injury, nevertheless, if the defendant, after discovering his exposed situation, negligently injures him or is guilty of negligence in not discovering his dangerous position in time to avoid the injury, and injury results because thereof, he may still recover."

If appellant was guilty of negligence it continued up until the moment of impact. Under this situation the following is controlling: "A person who is himself negligent may not recover under the doctrine of the last clear chance where his negligence is active and continuing to the very time of the accident. Such a

situation involves questions of comparative negligence and not those of the last clear chance doctrine." Trumbley v. Moore, 151 Neb. 780, 39 N. W. 2d 613. See, also, Bush v. James, 152 Neb. 189, 40 N. W. 2d 667; Roby v. Auker, 149 Neb. 734, 32 N. W. 2d 491.

We have come to the conclusion that the judgment of the lower court denying appellant a new trial must be reversed. We therefore reverse the judgment of the trial court doing so with directions to grant appellant a new trial and remand the cause for such retrial, same to be conducted according to the law applicable thereto, including our holdings in this and our previous opinion relating thereto.

REVERSED AND REMANDED.