ROBERTA KENASTON, ADMINISTRATRIX OF THE ESTATE OF TIMOTHY J. KENASTON, DECEASED, APPELLANT, v. BIXBY TEETERS, APPELLEE.

207 N. W. 2d 388

Filed May 11, 1973. No. 38664.

John McArthur, for appellant.

Nelson, Harding, Marchetti, Leonard & Tate, Kenneth Cobb, and Richard P. Nelson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

Plaintiff, administratrix, appeals from a verdict for the defendant. The issues tried were the gross negligence of the defendant and the alleged contributory negligence of plaintiff's decedent. We reverse.

Decedent was the husband of the plaintiff and the father of three small children. Decedent and his family rode with the defendant to a sandpit lake north of Ashland, Nebraska. Defendant and the decedent had been drinking beer earlier in the day. On the way to the sandpit they purchased more beer. At the sandpit they engaged in recreational activities with friends and relatives. This included the drinking of more beer. An autopsy performed on the decedent shortly after his death revealed 0.14 grams percent of alcohol in his blood.

Defendant's vehicle, a convertible with the top down, was parked in an area provided for that purpose on the premises. Defendant's party, which was the last to leave, prepared to depart about 8 p. m., while it was still light. There was a dropoff between the parking area and the sandpit where the people had been swimming. The vehicle upset over this bank, pinning the decedent underneath and killing him instantly. There is a sharp dispute as to how the accident happened. In view of the conclusion we reach, no purpose will be served by enumerating the respective versions of the accident.

As the case will be retried, we discuss only two assignments of error, the fifth and the eighth. The fifth

refers to instruction No. 8 by which the jury was advised that it is the duty of a guest riding in an automobile to use due care in keeping a lookout and also to warn the driver of a danger known to the guest. The instruction, if applicable, is a proper one. See Pankonin v. Borowski (1958), 167 Neb. 382, 93 N. W. 2d 41. The answer of the defendant does not plead this defense. Nor is there anything in the evidence which would sustain a finding that the decedent could have done anything in the way of warning the defendant. So far as lookout was concerned, defendant expressly admitted that he knew at all times of the presence of the bank that he went over. Under the circumstances, the instruction was erroneously given.

Plaintiff's eighth assignment is to the effect that the court erred in receiving over objection general evidence of marital unfaithfulness of decedent. A number of questions were asked of the plaintiff concerning the state of her marriage prior to the date of the decedent's death. At that time the parties were living together and decedent was supporting his family.

Plaintiff was asked if she had ever commenced an action for divorce against decedent. An objection to this question was sustained. She was then asked: "Q During the entire time of your marriage to Timothy Tenaston (sic) did you always live together? A No, sir." There was no objection to the question, but counsel did approach the bench. Subsequently, the following testimony appears: "Q Did your husband make a habit of going out by himself or with the other guys? A He did go out, yes. Q I mean with other people. A Yes, sir. Q Did he during your marriage go out with other women? MR. McARTHUR: I'm going to object to this as improper and immaterial. THE COURT: Overruled. BY MR. COBB: Q You may answer. A Yes, sir. Q In fact, during your marriage did he have a child by another woman? MR. McARTHUR: I ob-

ject to this as being improper and prejudicial. THE COURT: Sustained."

Plaintiff and the decedent were living together at the time of his death, and the decedent was supporting his family. Previous misconduct was not a relevant issue. The character of a third person may not as a general rule be shown in a civil action any more than the character of a party. Unless it is directly in issue, the character or reputation of a party to a civil action is generally regarded as legally irrelevant in the determination of the controversy; consequently, evidence relating thereto is not admissible. Defendant argues the evidence here was admissible under Metcalf v. Chicago, R. I. & P. Ry. Co. (1919), 103 Neb. 431, 172 N. W. 246. We disagree. That case involved liability under an employer's liability act. The defendant sought a new trial on the grounds of newly discovered evidence that the parties had been living apart. The court denied the motion because decedent was contributing to the support of the family, and held the wife sustained a pecuniary loss for which she could recover.

Judgment reversed and cause remanded for a new trial.

REVERSED AND REMANDED.