JACK HARTMAN, APPELLEE, V. FAYE N. BRADY,
APPELLANT.

270 N. W. 2d 909

Filed October 25, 1978. No. 41652.

Richard J. Spethman, for appellant.

Larry E. Welch of McGroarty, Welch & Langdon, for appellee.

Heard before SPENCER, C. J., Pro Tem., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

CLINTON, J.

This is an action for damages arising out of a collision of two automobiles at the intersection of 72nd Street and Bedford Avenue in the city of Omaha which occurred on November 6, 1975, at about 7 p.m. At the intersection where the collision occurred,

72nd Street is a four-lane arterial street which runs north and south and is protected by stop signs. At the time of the collision, the plaintiff was traveling south on 72nd Street in the inside lane. The defendant was traveling east on Bedford Avenue and was crossing 72nd Street after having stopped at the stop sign on the west side of the intersection. After trial, the jury found for the plaintiff on his petition, and judgment was entered accordingly.

The defendant appeals and makes various assignments of error which may be summarized by the following contention: The evidence is insufficient to establish any negligence on the part of the defendant; and it does show that the plaintiff was guilty of negligence which, as a matter of law, should bar recovery. Accordingly, the defendant's motion for directed verdict should have been granted.

The evidence was such that, taking the view most favorable to the successful party, the jury could have found the following facts. The defendant brought her car to a stop at the stop sign on the west side of 72nd Street, looked to the north on 72nd Street, and saw the headlights of two automobiles approaching about a block or more away. The headlights which the defendant saw indicated there was a car in each of the southbound traffic lanes. Defendant immediately turned her head to look south on 72nd Street without watching the lights approaching from the north long enough to make any estimate of the speed of the vehicles, observed no vehicles approaching from the south, and proceeded into the intersection without again looking north. The defendant did not see the plaintiff's vehicle at any time after the initial observation.

The plaintiff did not observe the defendant's vehicle until it began to move from the stop sign. Although he applied the brakes of his car, he was unable to stop. His car struck the defendant's vehicle in the center of its left side, the collision occurring in

the eastern-most lane for southbound vehicles on 72nd Street.

The plaintiff had entered 72nd Street a considerable distance north of Bedford Avenue. He was intending to turn right at Maple Street, which is south of Bedford Avenue. As he was proceeding south and before reaching Bedford Avenue, he wanted to change to the right-hand lane; but another vehicle in the right-hand lane kept changing speeds, apparently to prevent him from making a lane change. The plaintiff varied his speed in attempting to change lanes, alternately slowing down to about 35 miles per hour and then speeding up to as much as 50 or 65 miles per hour. The speed limit on 72nd Street at Bedford Avenue is shown in the evidence to be 40 or 45 miles per hour. Shortly before the accident, the plaintiff was traveling at the higher speed of 50 to 65 miles per hour but began to slow down when his car was about 150 feet north of the Bedford Avenue intersection. He saw the defendant's car begin to enter the intersection when his own car was 75 to 100 feet from the intersection. The plaintiff's car left about 60 feet of skid marks.

A disinterested eyewitness testified that he saw the collision occur. He estimated the plaintiff's speed when the car was about 30 feet north of the north edge of Bedford Avenue to be 40 miles per hour. He testified that it was at that time that the defendant pulled into the intersection.

No contention is made that the instructions to the jury do not state correct principles of law.

The following principles govern our review on appeal of this law action to this court. In determining the sufficiency of the evidence to sustain the verdict, it must be considered most favorably to the successful party, every controverted fact must be resolved in his favor and he must have the benefit of all inferences reasonably deducible therefrom. Kohler v. Ford Motor Co., 187 Neb. 428, 191 N. W. 2d 601; C I T

Financial Services of Kansas v. Egging Co., 198 Neb. 514, 253 N. W. 2d 840.

The following are the applicable principles of substantive law which the jury was required to apply to the particular evidence in this case. A driver of a motor vehicle about to enter a street or highway protected by stop signs is required to come to a full stop as near the right-of-way line as possible before driving onto such street or highway. After having stopped, such driver shall yield the right-of-way to any vehicle which is approaching so closely on the favored highway as to constitute an immediate hazard if the driver at the stop sign moves his vehicle into or across such intersection. § 39-637, R. R. S. 1943; Bezdek v. Patrick, 170 Neb. 522, 103 N. W. 2d 318. It is such a driver's duty to look both to the right and to the left and to maintain a proper lookout for the safety of himself and others traveling on the streets. Bezdek v. Patrick, *supra.*

A person traveling on a favored street protected by stop signs of which he has knowledge may properly assume, until he has notice to the contrary, that motorists about to enter from a nonfavored street will observe the foregoing rules. Bezdek v. Patrick, 164 Neb. 398, 82 N. W. 2d 583; Angstadt v. Coleman, 156 Neb. 850, 58 N. W. 2d 507. However, the right of a motorist on a favored street to assume that a vehicle on a nonfavored street will be brought to a stop before it enters the intersection and will not proceed until the motorist has passed neither permits the motorist on the favored street to claim the right-of-way when he is too distant from the intersection to be entitled to it nor relieves him of the duty of exercising due care to avoid an accident. Angstadt v. Coleman, *supra.*

The fact that the plaintiff may have been guilty of contributory negligence does not bar a recovery when the contributory negligence of the plaintiff is slight and the negligence of the defendant is gross in

comparison, but the contributory negligence of the plaintiff will be considered by the jury in the mitigation of damages in proportion to the contributory negligence attributable to the plaintiff. § 25-1151, R. R. S. 1943.

A violation of a statute regulating the use and operation of motor vehicles upon the highways, including a speed regulation, does not in and of itself constitute negligence, but any such violation is evidence which may be considered with all other facts and circumstances of the case in determining whether or not the violation is negligent. Ficke v. Gibson, 153 Neb. 478, 45 N. W. 2d 436.

In this case, it was clearly possible for the jury to find that the plaintiff's vehicle presented an immediate hazard when the defendant drove into the intersection. The evidence also presented questions of (1) whether the defendant was negligent in failing to look again to the north just before entering the intersection; (2) whether the plaintiff was also negligent in traveling at a rate of speed which was excessive under the circumstances and, if so, whether such negligence was a proximate cause of the collision; and (3) the comparative negligence, if any, between the two parties. All such questions were for the determination of the jury under the evidence of this case.

The defendant specifically contends that, since the plaintiff's own testimony indicates he was traveling substantially in excess of the speed limit shortly before the accident, his negligence is thus conclusively established. Apparently, she also contends that the plaintiff's negligence was thus established as more than slight and as a proximate cause of the accident. Among other things, this overlooks the fact there was other testimony which indicated that, at the time the defendant began to drive into the intersection, the plaintiff had already slowed to 40 miles an hour. Defendant takes the position that plaintiff's

admission of speed in excess of the speed limit is binding, and the more favorable evidence of the non-party witness is not to be considered. This is not the law. The rule is that a party is ordinarily entitled to the benefit of the testimony of other witnesses in contradiction of his own, whenever his own is not of the character of a judicial admission and concerns only some evidential or constituent circumstance of his case. Sacco v. Gau, 188 Neb. 808, 199 N. W. 2d 605. Where there is a conflict in the evidence, this court will presume that the controverted facts were decided in favor of the successful party, and the judgment will not be disturbed on appeal unless it is clearly wrong. Krehnke v. Farmers Union Co-Op. Assn., 199 Neb. 632, 260 N. W. 2d 601. The jury was entitled to consider the evidence of the other witness as well as the admission of the plaintiff and to determine that, while plaintiff's speed was the reason for his being close to the intersection at the time defendant drove into it, it was the failure of defendant to maintain a lookout which was the sole proximate cause of the collision or that plaintiff's negligence was slight in comparison with that of the defendant.

AFFIRMED.